1  SHANNON LISS-RIORDAN, *pro hac vice*
   (sliss@llrlaw.com)
2  ADELAIDE PAGANO, *pro hac vice*
   (apagano@llrlaw.com)
3  LICHTEN & LISS-RIORDAN, P.C.
4  729 Boylston Street, Suite 2000
   Boston, MA 02116
5  Telephone:    (617) 994-5800
6  Facsimile:    (617) 994-5801

7  MATTHEW CARLSON (SBN 273242)
   (mcarlson@carlsonlegalservices.com)
8  Carlson Legal Services
9  100 Pine Street, Suite 1250
   San Francisco, CA 94111
10 Telephone:    (415) 817-1470

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY LEVIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAVIAR, INC. d/b/a TRY CAVIAR,<br><br>Defendant. | Case No. 3:15-cv-01285<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

## I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked for Caviar Inc. d/b/a Try Caviar ("Try Caviar") as couriers in the United States during the past three years. Try Caviar is a food delivery service that provides couriers who can be scheduled and dispatched through a mobile phone application or through their website and who will deliver food orders from restaurants to customers at their homes and businesses.

2. As described further below, Try Caviar has misclassified Plaintiff and other similarly situated couriers as independent contractors and, in so doing, has violated various provisions of the California Labor Code, including: (1) Cal. Labor Code §2802 by requiring couriers to pay various expenses that should have been borne by the employer and (2) Cal. Lab. Code § 226(a) by failing to provide itemized wage statements. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Levin, on behalf of all similarly situated Try Caviar couriers, seeks restitution of all expenses of which he was deprived, including gas and car maintenance.

## II. PARTIES

3. Plaintiff Jeffry Levin is an adult resident of Pinole, California, where he has worked as a Try Caviar courier since December 2014.

4. Defendant Caviar, Inc. d/b/a Try Caviar ("Try Caviar") is a Delaware corporation with its principal place of business in San Francisco, California.

## III. JURISDICTION

5. This court has jurisdiction over plaintiff's California state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6. At least one member of the proposed class is a citizen of a state different from that of at least one defendant. Plaintiff's claims involve matters of national or interstate interest.

2
FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Citizenship of the members of the proposed class is dispersed among a number of states.

7. Venue is proper in this district under 28 U.S.C. § 1391.

## IV. STATEMENT OF FACTS

8. Try Caviar is a San Francisco-based food delivery service, which provides food delivery services in cities throughout the country via an on demand dispatch system.

9. Try Caviar offers customers the ability to request a courier on a mobile phone application or online through their website.

10. Try Caviar's website advertises, "Only premium food and premium delivery" and encourages drivers to "Join Caviar's Courier Team and earn up to $25/hour on a flexible schedule."

11. Couriers receive a fee for each delivery completed plus a percentage of the cost of the food order and any gratuities added by the customer.

12. Although classified as independent contractors, Try Caviar couriers are employees. They are required to follow detailed requirements imposed on them by Try Caviar (including requirements regarding the accurateness of their deliveries, how they interact with customers, etc.) and they are subject to termination based on their failure to adhere to these requirements or in the discretion of Try Caviar.

13. In addition, Try Caviar is in the business of providing food delivery services to customers, and that is the very service that Caviar couriers provide. The couriers' services are fully integrated into Try Caviar's business, and without the couriers, Try Caviar's business would not exist.

14. However, based on their misclassification as independent contractors, Try Caviar has required couriers to bear many of the expenses of their employment, including expenses for their vehicle, gas, and other expenses.

15. Pursuant to a contract that couriers enter into with Try Caviar, California law applies to claims brought by couriers against the company.

## V. NATIONAL CLASS ALLEGATIONS

16. Plaintiff Jeffry Levin brings Count I of this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Try Caviar couriers across the United States.

17. Plaintiff and other class members have uniformly been deprived reimbursement of their necessary business expenditures.

18. The members of the class are so numerous that joinder of all class members is impracticable.

19. Common questions of law and fact regarding Try Caviar's conduct in classifying couriers as independent contractors and failing to reimburse them for business expenditures exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Try Caviar;

    b. Whether the work performed by class members—providing food delivery services to customers—is within Try Caviar's usual course of business, and whether such service is fully integrated into Try Caviar's business;

    c. Whether these class members have been required to bear the expenses of their employment, such as expenses for vehicles, gas, bikes, and other expenses.

20. Named Plaintiff Jeffry Levin is a class member, who suffered damages as a result of Defendant's conduct and actions alleged herein.

21. Plaintiff Levin's claims are typical of the claims of the class, and he has the same interests as the other members of the class.

22. Plaintiff Levin will fairly and adequately represent and protect the interests of the class. He has retained able counsel experienced in class action litigation. His interests are coincident with, and not antagonistic to, the interests of the other class members.

23. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VI. CALIFORNIA CLASS ALLEGATIONS

25. Plaintiff Jeffry Levin brings Counts II and III of this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all Try Caviar couriers in California.

26. Plaintiff have not received itemized wage statements from Defendants and have been deprived reimbursement of their necessary business expenditures.

27. The members of the class are so numerous that joinder of all class members is impracticable.

28. Common questions of law and fact regarding Try Caviar's conduct in classifying couriers as independent contractors and failing to provide itemized wage statements, as well as failing to reimburse them for business expenditures. These questions exist as to all members of the class and predominate over any questions affecting solely any individual members of the

class. Among the questions of law and fact common to the class are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Try Caviar;

    b. Whether the work performed by class members—providing food delivery services to customers—is within Try Caviar's usual course of business, and whether such service is fully integrated into Try Caviar's business;

    c. Whether these class members have been required to bear the expenses of their employment, such as expenses for vehicles, gas, bikes, and other expenses.

29. Named Plaintiff Jeffry Levin is a class member, who suffered damages as a result of Defendant's conduct and actions alleged herein.

30. Plaintiff Levin's claims are typical of the claims of the class, and he has the same interests as the other members of the class.

31. Plaintiff Levin will fairly and adequately represent and protect the interests of the class. He has retained able counsel experienced in class action litigation. His interests are coincident with, and not antagonistic to, the interests of the other class members.

32. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VII. PAGA REPRESENTATIVE ACTION ALLEGATIONS

34. On March 19, 2015, Plaintiffs gave written notice of violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") and Try Caviar.

35. More than thirty-three days have lapsed since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code § 2699.3(a)(2)(A).

36. Plaintiffs allege that Try Caviar violated PAGA in the following ways: (1) failure to reimburse courier employees for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car and bike maintenance, gear, phones, and data, in violation of Labor Code § 2802, and (2) failure to provide itemized wage statements in violation of § 226(a).

## COUNT I
### Violation of Cal. Lab. Code § 2802

37. Defendant's conduct, as set forth above, in misclassifying Try Caviar couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. Pursuant to a contract that couriers enter into with Try Caviar, California law applies to claims brought by couriers against the company. Thus, this claim is brought on behalf of a class of similarly situated individuals who worked for Try Caviar across the United States.

## COUNT II
### Violation of Cal. Bus. & Prof. Code §17200, *et seq*.

38. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Section 2802. As a result of Defendant's unlawful conduct, Plaintiff and class members

suffered injury in fact and lost money and property, including, but not limited to business expenses that couriers were required to pay. Pursuant to California Business and Professions Code § 17203, Plaintiff and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT III
### Violation of Cal. Lab. Code § 226(a)

39. Defendant's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a). This claim is brought on behalf of a class of similarly situated individuals who worked for Try Caviar in California.

## COUNT IV
### Penalties Pursuant to the Labor Code Private Attorneys General Act of 2004
### (Representative Action)

40. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiff is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as he was employed by Try Caviar during the applicable statutory period and suffered injury as a result of Try Caviar's Labor Code violations. Accordingly, Plaintiff seeks to recover on behalf of himself and all other current and former aggrieved employees of Try Caviar in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

41. Couriers are entitled to penalties for Try Caviar's violations of Cal. Lab. Code §§ 2802 and 226(a) as set forth by Cal. Lab. Code § 2699(f). Plaintiffs seek civil penalties pursuant to PAGA for (1) failure to reimburse courier employees for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car and bike maintenance, gear, phones, and data, in violation of Labor Code § 2802, and (2) failure to provide itemized wage statements in violation of § 226(a).

42. Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code § 2802. With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

## JURY DEMAND

Plaintiff requests a trial by jury on all of their claims.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

a. Certify a national class action under Count I, pursuant to Rule 23(b)(2) and (3) and appoint Plaintiff Jeffry Levin and his counsel to represent the class;

b. Certify a class of all California Try Caviar couriers under Counts II and III, pursuant to Rule 23(b)(2) and (3) and appoint Plaintiff Jeffry Levin and his counsel to represent the class;

c. Declare and find that the Defendant violated Cal. Lab. Code §§ 2802 and 226(a) and Cal. Bus. & Prof. Code §17200, *et seq*. by failing to reimburse the expenses of Plaintiff and the class and failing to provide itemized wage statements;

d. Award compensatory damages, including all expenses owed, in an amount according to proof;

e. Award all costs and attorney's fees incurred prosecuting this claim;

f. An award of civil penalties pursuant to PAGA;

g. Interest and costs;

h. Injunctive relief in the form of an order directing Defendant to comply with Cal Lab. Code;

i. Such other relief as in law or equity may pertain.

Respectfully submitted,

JEFFRY LEVIN, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, apagano@llrlaw.com

Matthew Carlson (SBN 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Dated: May 27, 2015