| | |
|---|---|
| 1 | KEKER & VAN NEST LLP |
| | ASHOK RAMANI - # 200020 |
| 2 | aramani@kvn.com |
| | R. JAMES SLAUGHTER - # 192813 |
| 3 | rslaughter@kvn.com |
| | SIMONA A. AGNOLUCCI - # 246943 |
| 4 | sagnolucci@kvn.com |
| | ERIN E. MEYER - # 274244 |
| 5 | emeyer@kvn.com |
| | 633 Battery Street |
| 6 | San Francisco, CA 94111-1809 |
| | Telephone: 415 391 5400 |
| 7 | Facsimile: 415 397 7188 |

Attorneys for Defendant
CAVIAR, INC. d/b/a TRY CAVIAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY LEVIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAVIAR, INC. d/b/a TRY CAVIAR,<br><br>Defendant. | Case No. 3:15-cv-01285-EDL<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CAVIAR, INC. D/B/A TRY CAVIAR'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND MOTION TO DISMISS**<br><br>Date: August 4, 2015<br>Time: 9:00 a.m.<br>Dept. Courtroom E – 15th Floor<br>Judge: Hon. Elizabeth D. Laporte<br><br>Date Filed: March 19, 2015<br><br>Trial Date: None set |

[PROPOSED] ORDER GRANTING CAVIAR'S MOTION TO COMPEL INDIVIDUAL ARBITRATION
AND MOTION TO DISMISS
Case No. 3:15-cv-01285-EDL

959523

# [PROPOSED] ORDER

Before the Court is defendant Caviar, Inc. d/b/a Try Caviar's ("Caviar") Motion to Compel Individual Arbitration and to Dismiss ("Motion"). Having considered all of the papers filed by the parties and oral argument on Caviar's Motion, the Court finds as follows:

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that Caviar's Motion is GRANTED. The Court finds that a valid and enforceable arbitration agreement exists between plaintiff Jeffry Levin and Caviar, as evidenced by the Courier Terms and Conditions submitted with Caviar's Motion, and also finds that the terms of that agreement encompass the disputes at issue in this litigation. The Court further finds that the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, applies to the foregoing arbitration agreements. The Court therefore orders Levin to arbitrate his claims on an individual rather than class or representative basis pursuant to the Caviar Courier Terms and Conditions.

In light of the Court's finding that all of the claims asserted in this case are subject to a binding arbitration agreement, the Court further finds that it lacks subject-matter jurisdiction. *See Glaude v. Macy's, Inc.*, No. 12-5179-PSG, 2012 U.S. Dist. LEXIS 171418, at *9 (N.D. Cal. Dec. 3, 2012) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–50 (1986)). Thus, all claims alleged in Levin's Amended Complaint are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED.**

Dated: _____

JUDGE ELIZABETH D. LAPORTE

1

[PROPOSED] ORDER GRANTING CAVIAR'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND MOTION TO DISMISS
Case No. 3:15-cv-01285-EDL

959523