SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
ADELAIDE PAGANO, *pro hac vice*
(apagano@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 817-1470

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFRY LEVIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAVIAR, INC. d/b/a TRY CAVIAR,<br><br>Defendant. | Case No. 3:15-cv-01285-EDL<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSING RATHER THAN STAYING PLAINTIFF'S INDIVIDUAL CLAIMS**<br><br>Date: August 4, 2015<br>Time: 9:00 a.m.<br>Dept.: Courtroom E – 15th Floor<br>JUDGE: HON. ELIZABETH D. LAPORTE |

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSING RATHER THAN STAYING PLAINTIFF'S INDIVIDUAL CLAIMS

## I. INTRODUCTION

Pursuant to the Court's direction at the hearing held on August 4, 2015, on Defendant Caviar's Motion to Compel Arbitration, see Dkt. 35, Plaintiff now submits this supplemental memorandum to address whether the Court should dismiss or stay Plaintiff's California Labor Code claims (Counts I-III of the Amended Complaint, Dkt. 19), based upon the Court's decision to compel arbitration of these claims.[1] Plaintiff submits that the Court should dismiss Plaintiff's these claims because this is the precise relief that Caviar requested in its motion. In addition, a dismissal would be more efficient than a stay as it would allow Plaintiff to pursue an immediate appeal of the order, which, as the Court acknowledged, concerns unsettled questions of law regarding the applicability here of the exception to the FAA contained in 9 U.S.C. § 1. Because reasonable minds could differ, and the question of whether delivery drivers such as Plaintiff are exempt from the FAA as transportation workers is a significant issue (that could have great bearing on this case, as well as other similar cases), Plaintiff submits that this issue would benefit from prompt consideration by the Ninth Circuit Court of Appeals.

## II. ARGUMENT

**A. If the Court Decides to Compel Arbitration of Plaintiff's Labor Code Claims, it Should Dismiss Them Because This is the Relief Requested by Caviar in Its Motion and Because The Requirements of Fed. R. Civ. P. 54(b) Have Been Satisfied.**

Appellate review of arbitration orders is governed by Section 16 of the Federal Arbitration Act, which provides that an appeal may be taken from "a final decision with respect

---

[1] The Court stated at the hearing that it would defer consideration of Defendant's motion to compel arbitration with respect to the PAGA claim (Count IV of the Amended Complaint), pending the Ninth Circuit's consideration of whether California's rule prohibiting PAGA waivers is preempted by the Federal Arbitration Act. See Shukri Sakkab, et al. v. Luxottica Retail North America, Inc., No. 13-55184.

to an arbitration." 9 U.S.C. § 16(a)(3). Where a district court orders the parties to proceed to arbitration, and dismisses all the claims before it, that decision is considered final and appealable. Green Tree Fin. Corp.-Alabama v. Randolph, 121 S. Ct. 513, 521 (2000). However, where the Court stays an action pending arbitration, it is not entirely clear whether a decision is final and appealable, but some courts have held such an order to be non-appealable. In Green Tree Fin., the Supreme Court stated in dicta that if the district court had entered a stay instead of a dismissal, the order would not be appealable. Id. at 520 n.2; see also Employers Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 n.6 (11th Cir. 2001); Tice v. El Paso Educ. Initiative, Inc., 2013 WL 1032254, *1 (Tex. App. Mar. 13, 2013) ("Under the Federal Arbitration Act (FAA), an order compelling arbitration and granting a stay is not immediately reviewable").

There are several reasons that the Court should choose to dismiss Plaintiff's Labor Code claims rather than staying them. First, and most importantly – this is the precise relief requested by Defendant Caviar in its motion to compel arbitration. See Dkt. 24 at 1 (Caviar "hereby does move this Court to compel individual arbitration of plaintiff's claims and to *dismiss plaintiff's claims with prejudice*") (emphasis added); id. at 5 ("because all of Levin's claims are subject to a binding arbitration agreement, this Court lacks subject-matter jurisdiction over this action and should dismiss it under Federal Rule of Civil Procedure 12(b)(1)"); id. at 15 (citing cases and noting that "[u]pon compelling all of Levin's causes of action to arbitration, this Court will cease to have jurisdiction and should dismiss"). Because Caviar has asked this Court to dismiss rather than stay Plaintiff's claims and has cited authority in support of its request in its briefing, see Dkt. 24 at 15, the Court should dismiss rather than stay Plaintiff's Labor Code claims. Caviar should not be permitted to now seek alternate relief that it had not sought in its motion, based upon its apparent realization at the hearing that dismissal would allow Plaintiff to pursue an

2
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSING RATHER THAN STAYING PLAINTIFF'S INDIVIDUAL CLAIMS

immediate appeal.

Secondly, Plaintiff notes that Rule 54(b) permits a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54; see also Reddy v. Nuance Commc'ns, 2012 WL 4470509, *2 (N.D. Cal. Sept. 26, 2012). "This is a matter resting within the sound discretion of the trial court." Atkins, Kroll (Guam), Ltd. v. Cabrera, 277 F.2d 922, 924 (9th Cir. 1960) (internal citation omitted). In exercising this discretion, "the court should consider whether entering judgment under Rule 54(b) would alleviate some hardship or injustice that would result from the delay in entry of judgment." Rachford v. Air Line Pilots Ass'n, 2006 WL 2595937, *2 (N.D. Cal. Sept. 11, 2006), aff'd, 284 F. App'x 473 (9th Cir. 2008); Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 100 S. Ct. 1460, 1465, 64 L. Ed. 2d 1 (1980) (The "district court must take into account judicial administrative interests as well as the equities involved").

Here, there is no just reason for delay and an injustice would result if Plaintiff was precluded from pursuing an appeal now of the applicability of the FAA to his claims. Whether Plaintiff's work involved interstate commerce such that the FAA should not apply, is, as the Court recognized at the hearing, a relatively underdeveloped area of law. Plaintiff submits that reasonable jurists could differ on this issue, and it presents an important question that merits further development and attention by the Courts of Appeals. Indeed, courts considering whether to enter a final judgment pursuant to Rule 54(b) have noted that where issues of law related to some claims were unsettled, deferring review of those claims would actually undermine judicial efficiency. See Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1316-17 (9th Cir. 1979); see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 2010 WL 427879, *3 (E.D. Va. Feb. 3, 2010) (entering Rule 54(b) final judgment and noting that "the

3
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSING RATHER THAN STAYING PLAINTIFF'S INDIVIDUAL CLAIMS

Court sees significance in the complexity of, and the dearth of precedential guidance respecting, the issues [raised by the claim]" such that "[e]arly appellate review provides greater value in a case such as this one"); Looney Ricks Kiss Architects, Inc. v. Bryan, 2011 WL 52470, *2 (W.D. La. Jan. 6, 2011) ("This Court readily admits that this is *an unsettled question of law* and thus finds that given the complexity, procedural posture and factual background of this action, this Court finds there is no just reason for delay in certifying these rulings as final judgments") (emphasis added). Here, Plaintiff should be permitted to appeal the applicability of the FAA exemption to his case now and bring clarity to this uncertain area of the law. Given that appeals at the Ninth Circuit currently take approximately two years to reach a hearing, it would be in the interest of justice and efficiency to allow Plaintiff to begin the appeal process now on this important and unsettled question.

Moreover, the only other claim in the case – the PAGA claim – is separate and distinct from Plaintiff's Labor Code claims. The question of whether the PAGA claim can be pursued will be resolved by another pending Ninth Circuit case, upon which the parties will already have to await a decision. If the parties have to wait for that decision and then have that claim reach final judgment before Plaintiff can pursue the appeal of the Court's decision not to allow his Labor Code claims to proceed in court, the parties will have to wait an extremely long time.

Given that it could be still a while before the question of whether the PAGA claim can proceed is answered, and because this Court has recognized that the PAGA claim is severable and separate and apart from Plaintiff's Labor Code claims (and that its progress in this case depends entirely on a pending appeal), it makes sense to treat the claims separately and enter final judgment with respect to the Labor Code claims while allowing the fate of the PAGA claim to await the outcome of the pending appeal in Sakkab.

Other courts facing similar situations have opted to enter final judgment to allow an

4
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSING RATHER THAN STAYING PLAINTIFF'S INDIVIDUAL CLAIMS

immediate appeal of an order compelling arbitration. For example, in Rachford, several causes of action were dismissed while another was compelled to arbitration. 2006 WL 2595937, *2. The court confronted the question of whether to enter final judgment pursuant to Rule 54 and found that even where "defendants have made no showing that they will suffer extreme hardship if the motion is denied, the court finds that it would be unfair to keep a case open when there are no further issues for the court to decide." The same is true here: the Court has deferred ruling on Plaintiff's PAGA claim pending further guidance from the Ninth Circuit and has indicated that it intends to compel arbitration of Plaintiff's remaining claims, such that no issues remain for the court to decide on those claims, and "it would be unfair to keep [the] case open," thereby preventing appeal. See also Monex Deposit Co. v. Gilliam, 2010 WL 2380873, *4 (C.D. Cal. May 24, 2010) (entering final judgment pursuant to Rule 54(b) where counterclaims that had been previously stayed pending arbitration were distinct from plaintiffs' claims and "there [was] no reason to wait until these counterclaims [were] resolved before entering judgment on [plaintiffs'] claims"); Teamsters Local Union No. 89 v. Kroger Co., 2009 WL 2487362, *4 (W.D. Ky. Aug. 14, 2009) (granting defendant's motion for entry of partial judgment under Rule 54(b) where only one claim had been compelled to arbitration); Trugman–Nash Inc. v. New Zealand Dairy Board, Milk Products Holdings (North America), Inc., 954 F.Supp. 733 (S.D.N.Y.1997) (allowing Rule 54(b) appeal of dismissal of antitrust claims while common-law claims arising from the same events were pending in district court); Louisville Local No. 522, Graphic Arts Intern. v. Courier-Journal Lithographing Co., 1979 WL 15492, *1 (W.D. Ky. Feb. 28, 1979) (rejecting defendant's motion for a stay of the order granting plaintiff's motion to compel arbitration and, instead, holding that, because there is no just reason for delay, the order is final and appealable).

      Thus, Plaintiff urges the Court to enter a final appealable judgment so that he may seek

further review of the important question raised here regarding the breadth of the interstate commerce language in 9 U.S.C. § 1's exemption from the FAA.

## CONCLUSION

Because Caviar itself has asked for Plaintiff's claims to be dismissed in its motion, see Dkt. 24 at 15, and because the requirements of Rule 54 have been met, Plaintiff respectfully requests that the Court dismiss rather than stay Plaintiff's Labor Code claims, based upon its determination to compel those claims to arbitration.

Respectfully submitted,

JEFFRY LEVIN, individually and on behalf of all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, *pro hac vice*
Adelaide Pagano, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, apagano@llrlaw.com

Matthew Carlson (SBN 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 817-1470
Email: mcarlson@carlsonlegalservices.com

Dated:          August 14, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on August 14, 2015, on all counsel of record.

 /s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DISMISSING RATHER THAN STAYING PLAINTIFF'S INDIVIDUAL CLAIMS