1
2
3
4               UNITED STATES DISTRICT COURT
5              NORTHERN DISTRICT OF CALIFORNIA
6

7    JEFFRY LEVIN,                           Case No.  15-cv-01285-EDL

8                Plaintiff,

9         v.                                 **ORDER STAYING CASE PENDING
                                             ARBITRABILITY DECISION BY
10   CAVIAR, INC.,                           ARBITRATOR**

11               Defendant.

## I.    INTRODUCTION

Plaintiff, a restaurant delivery driver, sues Defendant Caviar, Inc., a restaurant delivery

service in San Francisco for wage and hour violations.  The Court previously granted Defendant's

Motion to Compel Arbitration as to Plaintiff's individual claims, held that the class action waiver

in the arbitration agreement was enforceable and found that the waiver of claims under the

California Private Attorney General Act, Cal. Lab.Code §§ 2698 et seq. ("PAGA") was

unenforceable.  The Court then asked the parties to provide supplemental briefing on the issue of

whether the arbitrability of the PAGA claim should be decided by the arbitrator in light of the

Ninth Circuit's recent decision in Sakkab v. Luxottica Retail North America, Inc., 803 F.3d 425

(9th Cir. 2015).

## II.   DISCUSSION

### A.  Waiver

Defendant first contends that Plaintiff has waived the issue of who decides whether the

PAGA claim is arbitrable.  Defendant points out that it stated in its opening brief that this Court's

role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)

whether the agreement encompasses the dispute at issue." Dkt. 24 at 5.  Defendant correctly notes

that neither side addressed the second point.

United States District Court
Northern District of California

United States District Court
Northern District of California

1       The general rule is that "[i]n most circumstances, failure to respond in an opposition brief

2   to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the

3   uncontested issue." Rosenfeld v. U.S. Dep't of Justice, 903 F. Supp. 2d 859, 869 (N.D. Cal. 2012).

4   Should this occur, a court "has discretion not to consider an issue raised improperly." United

5   States v. Hoffman, 2015 WL 5604419, at *2 (E.D. Cal. Sept. 23, 2015).  The Court exercises this

6   discretion "with great caution because of the general and well established belief that it is

7   preferable to have cases decided on the merits." Id. at *3.

8       Here, the Motion to Compel Arbitration did not raise the issue of the arbitrability of the

9   PAGA claim, but only stated the general principle that, in the absence of a clear and unmistakable

10   intent to delegate, the court determines the arbitrability of Plaintiff's claims.  See Galen v. Redfin

11   Corp., 2015 WL 7734137, at *5- 6 (N.D. Cal. Dec. 1, 2015) (TEH).  The parties did not address

12   whether such a clear intent to delegate the question to the arbitrator existed here.  In any case, the

13   Court would not exercise its discretion to decline to consider this issue given that the parties'

14   failure to focus on it was inadvertent and neither side has suffered any prejudice as a result.

15      **B.**    **Arbitrability**

16         **1.**    **Legal Standard**

17       "Unless the parties clearly and unmistakably provide otherwise, the
question of whether the parties agreed to arbitrate is to be decided

18       by the court, not the arbitrator." AT&T v. Commc'ns Workers, 475
U.S. at 649.  "In other words, there is a presumption that courts will

19       decide which issues are arbitrable; the federal policy in favor of
arbitration does not extend to deciding questions of arbitrability.

20       "Oracle Am., Inc. v. Myriad Group A.G., 724 F.3d 1069, 1072 (9th
Cir. 2013).  "There are two prerequisites for a delegation clause to

21       be effective.   First, the language of the clause must be clear and
unmistakable. Second, the delegation must not be revocable under

22       state contract defenses such as fraud, duress, or unconscionability."
Tiri v. Lucky Chances, Inc., 226 Cal. App. 4th 231, 242 (2014); see

23       also Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68, 70 n.1
(2010); Mohamed v. Uber Tech., Inc., No. 14-5200-EMC, 2015 WL

24       3749716, at *5 (N.D. Cal. June 9, 2015).

25       In evaluating the delegation question, some courts have employed a
two-part test that comes from a case out of the Federal Circuit,

26       Qualcomm Inc. v. Nokia Corporation, 466 F.3d 1366 (Fed. Cir.
2006). Under this test, if the court finds that the parties did not

27       "clearly and unmistakably intend to delegate arbitrability decisions
to an arbitrator, ...[then] the court should undertake a full

28       arbitrability inquiry in order to be 'satisfied' that the issue involved is

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

referable to arbitration." <u>Id.</u> at 1371. "If, however, the court concludes that the parties to the agreement did clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator, then the court should perform a second, more limited inquiry to determine whether the assertion of arbitrability is 'wholly groundless.'" <u>Id</u>. (citing <u>Dream Theater, Inc. v. Dream Theater</u>, 124 Cal. App. 4th 547, 553 (2004)). Many judges in the Northern District of California have adopted the "wholly groundless" test. <u>E.g.</u>, <u>Zenelaj v. Handybook Inc.</u>, 82 F. Supp. 3d 968, 971 (N.D. Cal. 2015); <u>Nitsch v. DreamWorks Animation SKG Inc.</u>, No. 12-04062-LHK, 2015 WL 1886882, at *8-10 (N.D. Cal. Apr. 24, 2015); <u>Bernal v. Sw. & Pac. Specialty Fin., Inc.</u>, No. 12-5797-SBA, 2014 WL 1868787, at *3-5 (N.D. Cal. May 7, 2014); <u>Matson Terminals, Inc. v. Ins. Co. of N. Am.</u>, 13-5571-LB, 2014 WL 1219007, at *4 (N.D. Cal. Mar. 21, 2014).

<u>Galen v. Redfin Corp.</u>, 2015 WL 7734137, at *5-6 (N.D. Cal. Dec. 1, 2015)(TEH).

### 2.    Clear and Unmistakable Delegation

Here, the arbitration agreement specifies that "Courier and Caviar agree that any disputes between them arising from Courier's agreement, services, or other relationships with Caviar shall be subject to final and binding arbitration before the American Arbitration Association ("AAA"). Such arbitration shall be conducted before a single, neutral arbitrator, pursuant to the applicable AAA rules but provide for discovery and remedies which would otherwise be available under applicable state or federal law."  Plaintiff argues that because the arbitration agreement incorporates the AAA rules, it delegates the arbitrability question to the arbitrator.

"The Ninth Circuit has explicitly held that incorporation of the AAA rules can constitute clear and unmistakable delegation of the arbitrability question." <u>Brennan v. Opus Bank</u>, 796 F.3d 1125, 1130 (9th Cir. 2015).  In <u>Zenelaj v. Handybook Inc.</u>, 82 F. Supp. 3d 968, 979 (N.D. Cal. 2015)(TEH), the court concluded that "[i]n light of the Parties' decision to conduct the resolution of their dispute in accordance with the AAA Commercial Rules, the Court leaves the question of arbitrability to be decided by the arbitrator in accordance with the clear and unmistakable intent of the Parties as defined by prevailing case law. Additionally, the Court finds that the Agreement's waiver of Plaintiffs' statutory right to pursue representative PAGA claims is invalid as a matter of state law. However, as with the other causes of action asserted by Plaintiffs, the arbitrability of these representative claims must be decided by an arbitrator."  The court stayed "Plaintiffs' representative PAGA claims . . . along with the rest of this action, pending a decision on

3

arbitrability of those representative claims by the arbitrator."  Id., see also Galen v. Redfin Corp.,

2015 WL 7734137, at *11 (N.D. Cal. Dec. 1, 2015) (TEH) (granting motions to compel arbitration

where "parties clearly and unmistakably delegated the question of arbitrability to the arbitrator,"

severing unconscionable provisions, including a provision that might result in waiver of PAGA

action, and referring matter of arbitrability to arbitrator).  Further, in Kag W., LLC v. Malone,

2015 WL6693690, at *4 (N.D. Cal. Nov. 3, 2015)(TEH), the court held that:

> While this Court agrees that it is well settled that PAGA claims cannot be waived, Respondent goes too far in implying that the claims must be litigated.  In Sakkab v. Luxottica Retail North America, Inc., the Ninth Circuit affirmed the California Supreme Court's prohibition of PAGA waivers in Iskanan v. CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348 (2014), but noted that the Iskanian Court "expresse[d] no preference regarding whether individual PAGA claims are litigated or arbitrated," but rather only that "representative PAGA claims may not be waived outright."--- F.3d ----, 2015 WL 5667912 (9th Cir. Sept. 28, 2015); see also Hernandez, 79 F. Supp.3d at 1067 (unenforceability of PAGA waiver "does not necessarily dictate which forum is proper for their adjudication") (emphasis added). Notably, there is no representative waiver at issue in this case

Where, as here, the parties have clearly and unmistakably delegated the issue of arbitrability to the

arbitrator, the Court will not make that determination.[1]

Defendant counters that other provisions in the Courier Terms and Conditions are in

conflict with the delegation language, negating any clear and unmistakable delegation of the issue

of arbitrability.  In general, "a lack of clarity in the delegation clause, or inconsistencies between

the delegation clause and the rest of the contract, can result in a finding that the question of

arbitrability was not clearly and unmistakably delegated." Mohamed, 2015 WL 3749716, at *8-11

(no clear delegation where contract provides both: (1) all disputes would be resolved by California

courts; and (2) all disputes, including arbitrability, would be delegated to an arbitrator).

---

[1]      Plaintiff contends that the applicable arbitration rules are the AAA Employment Rules because he is asserting employment claims, but notes that both the AAA Employment and Commercial Rules provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objection with respect to the existence, scope or validity of the arbitration agreement."  AAA Employment Rule 6(a); AAA Commercial Rule 7(a).  In Galen, 2015 WL 7734137 at *7, the court stated that since the AAA Commercial Rules and AAA Labor and Employment Rules contain identical delegation provisions, any uncertainty as to which set of rules applied "would not defeat the parties' clear intent [to delegate the question of arbitrability]."

United States District Court
Northern District of California

1    The provision that Defendant contends creates this "lack of clarity" is language in the

2  Courier Terms and Conditions that "Courier and Caviar agree that [they] will bring no collective

3  or class action against each other." Dkt. 25-3, ¶ 15.5.  Defendant argues that even if this PAGA

4  waiver is unenforceable, "it remains the case that Caviar and Levin entered into the agreement

5  with the understanding that it did not apply to representative actions like PAGA."  The language

6  Defendant points to purports to preclude entirely a representative action.   However, it does not

7  create an ambiguity about the parties' intention to refer disputes to the arbitrator because it did not

8  address that issue at all.  The case on which Defendant relies in making this argument,

9  Cobarruviaz v. Maplebear, Inc., 2015 WL 6694112 (N.D. Cal. Nov. 3, 2015) (EMC), contained a

10  delegation clause that read as follows:  "any controversy, dispute, or claim arising out of or related

11  to . . . this Agreement, the breach termination, interpretation, enforcement, validity, scope and

12  applicability of any such agreement . . . shall be submitted to and determined exclusively by

13  binding arbitration."  Id. at *5.  Elsewhere in that agreement, a severability clause provided that

14  "any arbitrator or court" could determine the validity or enforceability of a provision of the

15  agreement.  The court held that the language there undermined a finding that the delegation of

16  arbitrability was clear and unmistakable and decided the issue itself, ultimately concluding that

17  PAGA claim was not arbitrable.  Because the Courier Terms and Conditions does not contain

18  similar language, this argument is not persuasive.

19    Defendant relies on Sakkab as buttressing its argument on the basis that it recognized that

20  PAGA claims are brought on behalf of the state, whereas the arbitration agreement is between

21  individual employees and their employers.  803 F.3d at 426.  However, Sakkab expressly observed

22  that "[i]t is unclear, however, whether the parties have agreed to arbitrate such surviving

23  [representative PAGA] claims or whether they must be litigated instead." 803 F.3d at 440.  Nor

24  does Cobarruviaz support the court deciding the issue here.  Although Judge Chen ultimately

25  found that the PAGA claims in that case were not arbitrable, he did so only after he ruled that the

26  issue would be determined by the court because there was no clear and unmistakable delegation of

27  it to an arbitrator.  2015 WL 6694112, at *6.

28

<div style="float:left">United States District Court<br>Northern District of California</div>

1

2      Here, by contrast, there is a clear and unmistakable delegation.  Defendant also relies on

3 Valdez v. Terminix Int'l Co. Ltd. Partnership, 2015 WL 4342867 (C.D. Cal. July 14, 2015).

4 Valdez, however, did not address the threshold issue of who decides whether the PAGA claim

5 should be arbitrated.

6      Finally, although the parties do not address the second "more limited inquiry" of whether

7 the assertion of arbitrability is "wholly groundless," the Court concludes that it is not.  The

8 arbitration agreement here is broad enough to potentially encompass Plaintiff's PAGA claims,

9 although ultimately this issue is also one for the arbitrator to decide.  See Kag W., 2015 WL

10 6693690, at *4.

11 **III.     CONCLUSION**

12      The AAA arbitrator shall determine whether Plaintiff's PAGA is arbitrable. The Court

13 STAYS this matter until the arbitrator reaches a decision on this question.  The Parties shall

14 inform the Court of the status of the arbitrator's decision on this threshold issue within one week

15 of the decision or no later than May 20, 2016.

16      **IT IS SO ORDERED.**

17 Dated: January 22, 2016

18

19 _____

20 ELIZABETH D. LAPORTE<br>United States Magistrate Judge

21

22

23

24

25

26

27

28

6