# EXHIBIT A

1
2
3
4

Shannon Liss-Riordan (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

5
6
7

Matthew D. Carlson (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, California 94102
Telephone: (415) 630-2651
Facsimile:  (617) 994-5801

8
9

Attorneys for Claimants Jeffry Levin,
Nadezhda Rosen, and La'Dell Brewster,
on behalf of themselves and others similarly situated

10
11
12
13
14
15
16

Keker, Van Nest & Peters LLP
ASHOK RAMANI - # 200020
aramani@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
ERIN E. MEYER - # 274244
emeyer@kvn.com
TRAVIS SILVA - # 295856
tsilva@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

17
18

Attorneys for Defendant/Respondent
CAVIAR, INC. d/b/a TRY CAVIAR

19
20
21

JUDICIAL ARBITRATION AND MEDIATION SERVICES

22
23

| IN RE: CAVIAR, INC. dba TRY CAVIAR | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |
|---|---|
| | Arbitrator:  Michael Loeb |

24
25
26
27
28

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, including Exhibits A through C hereto ("Settlement Agreement" or "Agreement"), is made and entered into by, between, and among Claimants Jeffry Levin, Nadezhda Rosen, and La'Dell Brewster (collectively, "Named Claimants"), on behalf of themselves and the Settlement Class as defined below, and Respondent Caviar, Inc. dba Try Caviar  ("Respondent" or "Caviar").  Named Claimants and Respondent (collectively, the "Parties") enter into this Agreement to effect a full and final settlement and dismissal with prejudice of all class and PAGA claims brought, or attempted to be brought, against Caviar in *McKean v. Caviar*, JAMS Ref. No. 1100082951 (as amended and re-captioned *McKean, Levin, Rosen, and Brewster, on behalf of themselves and all others similarly situated v. Caviar, Inc. d/b/a Try Caviar*, JAMS Ref. No. 1100082951 on April 11, 2017), including as amended pursuant to this Agreement (the "Action"), and all claims based on or reasonably related thereto.  Claimant Sean McKean is not a Named Claimant for purposes of this Agreement, and will be required to decide whether to participate in (or opt out of) the settlement in the same way as other Class Members.  This Agreement is intended to fully and finally compromise, resolve, discharge, and settle the Released Claims, as defined and on the terms set forth below, and to the full extent reflected herein, subject to the approval of the Arbitrator and, as necessary and applicable, subject to judicial review.

## I.    RECITALS

1.    This Agreement is made in consideration of the following facts:

2.    WHEREAS, on March 19, 2015, Claimant Jeffry Levin filed a complaint in the Northern District of California asserting various wage-related and expense-reimbursement claims against Caviar on behalf of himself and a proposed class of couriers nationwide, *see Levin v. Caviar*, No. 15-cv-1285 (N.D. Cal.), Dkt. 1;

3.    WHEREAS, on November 16, 2015, Magistrate Judge Elizabeth Laporte held that the arbitration clause in Caviar's Terms of Service was binding, controlling, and enforceable, and granted Caviar's motion to compel Claimant Levin to arbitrate his claims against Caviar, *see Levin v. Caviar*, No. 15-cv-1285 (N.D. Cal.), Dkt. 43;

1163190

4.      WHEREAS, on June 1, 2016, Claimant Levin filed a Notice of Appeal of Judge Laporte's order compelling arbitration, which appeal is currently pending before the Ninth Circuit, *see Levin v. Caviar*, No. 16-15975 (9th Cir.);

5.      WHEREAS, on September 23, 2015, Claimant Sean McKean filed a demand for arbitration against Caviar asserting various wage-related and expense-reimbursement claims against Caviar, and the Parties agreed to appoint Michael Loeb of JAMS as the arbitrator, *see McKean v. Caviar*, JAMS Ref. No. 1100082951;

6.      WHEREAS, on November 7, 2016, Claimants Nadezhda Rosen and La'Dell Brewster filed a complaint in the California Superior Court in and for the County of San Francisco asserting claims under the California Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.*, on behalf of themselves, the state, and other "aggrieved" couriers, *see Rosen and Brewster v. Caviar*, No. CGC-16-555225;

7.      WHEREAS, the Named Claimants have filed an amended demand for arbitration in connection with the existing arbitration styled *McKean v. Caviar*, JAMS Ref. No. 1100082951 (the "Action");

8.      WHEREAS, the Named Claimants allege generally that Caviar improperly classified them and all putative Settlement Class Members as independent contractors rather than employees, and assert derivative claims related thereto;

9.      WHEREAS, Caviar states that couriers providing services using the Caviar platform are independent contractors, and not employees of Caviar, and are thus properly classified under any and all applicable law;

10.     WHEREAS, Caviar denies the allegations in the Action; denies that it has engaged in any wrongdoing; denies that any Settlement Class Member is or ever was an employee of Caviar; denies that it willfully misclassified any Settlement Class Member; denies that it failed to pay any Courier a minimum wage to the extent required by law; denies that it failed to pay any Courier overtime pay to the extent required by law; denies that it failed to reimburse any Courier for business expenses to the extent required by law; denies that it failed to provide any Courier with wage statements to the extent required by law; denies that it failed to provide Couriers with

2

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

meal and rest breaks to the extent required by law; denies that it forced any Courier to agree to a written contract term in violation of law; denies that it failed to provide sick leave to any Courier to the extent required by law; denies that it failed to obtain workers' compensation insurance for any Courier to the extent required by law; denies that it failed to maintain accurate payroll records to the extent required by law; denies that the Named Claimants' allegations state valid claims; denies that a class could properly be certified in the Action; and states that it is entering into this Settlement Agreement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

11.     WHEREAS, the Parties attended a full-day mediation with the Hon. James L. Warren (Ret.) before agreeing to the terms of an arm's-length settlement (the "Settlement Agreement");

12.     WHEREAS, the Named Claimants and Class Counsel believe that the Settlement Agreement provides a favorable recovery for the Settlement Class, based on the claims asserted, the evidence developed, and the damages that might be proven against Caviar in the Action.  The Named Claimants and Class Counsel further recognize and acknowledge the uncertain outcome and risk of the Action (as well as previously filed proceedings against Caviar) in light of the arbitration clause and class-action waiver present in the Caviar Courier Terms and Conditions signed by the Named Claimants as well as the Settlement Class.  The Named Claimants and Class Counsel further recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Caviar through trial and appeals.  They have also considered the uncertain outcome and the risk of any litigation or arbitration, especially in complex proceedings such as the Action, as well as the difficulties and delays inherent in any such litigation or arbitration.  They are also mindful of the inherent challenges of proof and the strength of the defenses to the alleged claims, and therefore believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice and enjoined as set forth herein;

13.     WHEREAS, the Named Claimants and Class Counsel, based on their own independent investigations and evaluations, have examined the benefits to be obtained under the

3

1163190

terms of this Settlement Agreement, have considered the claims of the Named Claimants, the claims of the average Settlement Class Member, the risks associated with the continued prosecution of the Action, and the likelihood of success on the merits of the Action, and believe that, after considering all the circumstances, including the uncertainties surrounding the risk of further litigation or arbitration and the defenses that Caviar has asserted and could assert, the proposed Settlement set forth in this Agreement is fair, reasonable, adequate, in the best interests of the Named Claimants and the Settlement Class, and confers substantial benefits upon the Settlement Class;

14.     WHEREAS, Named Claimants warrant and represent that they are effecting this Settlement and executing this Agreement after having received full legal advice as to their respective rights and have had the opportunity to obtain independent counsel to review this Agreement;

15.     WHEREAS, the Parties further agree that the Agreement, the fact of this Settlement, any of the terms in the Agreement, and any documents filed in support of the Settlement shall not constitute, or be offered, received, claimed, construed, or deemed as, an admission, finding, or evidence of: (i) any wrongdoing, (ii) any violation of any statute or law, (iii) any liability on the claims or allegations in the Action on the part of any Released Parties, or (iv) the propriety of certifying a litigation or arbitration class in the Action or any other proceeding, and shall not be used by any Person for any purpose whatsoever in any legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Agreement.  There has been no final determination by any court or arbitrator as to the merits of the claims asserted by Named Claimants against Caviar, nor has there been any final determination as to whether a class should be certified, other than for settlement purposes only;

16.     WHEREAS, for settlement purposes only, Caviar will stipulate to the certification of class claims that are subject to the certification requirements of the JAMS Class Action Procedures.  Caviar disputes that certification is proper for the purposes of litigating and/or arbitrating the class claims proposed in or flowing from the operative demand in the Action;

4

17.     WHEREAS, the applicable Caviar Courier Terms and Conditions contains a class-action waiver that does not permit class-wide arbitration.  Caviar has stipulated to the certification of class claims in the Action for settlement purposes only.  Such stipulation does not in any way waive Caviar's right to assert and/or rely on the class-action waiver and arbitration clause in the Caviar Courier Terms and Conditions in any later proceeding, including but not limited to in this Action to the extent that the Settlement Agreement is not finally approved by the Arbitrator or is not properly entered or approved by a court. Indeed, under Judge Laporte's decision in ordering Mr. Levin to arbitration, there can be no class action brought in Court or even in arbitration, and any opt-outs must proceed with individual arbitration.

18.     WHEREAS, the Parties desire to compromise and settle all issues and claims that have been, could have been, or should have been brought against Caviar in the Action;

19.     WHEREAS, on April 12, 2017, the Parties entered into a Settlement Agreement, signed by counsel for the Parties, which the Arbitrator preliminarily approved on April 24, 2017;

20.     WHEREAS, the Parties subsequently agreed to modify the April 12, 2017 Settlement Agreement, and this Settlement Agreement replaces and supersedes the April 12, 2017 Settlement Agreement in its entirety;

21.     NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by the Named Claimants, for themselves and on behalf of the Settlement Class, and by Caviar that, subject to the final approval of the Arbitrator, and as necessary and applicable, a court, the Action shall be settled, compromised, and dismissed, on the merits and with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth in this Agreement.

## II.     DEFINITIONS

22.     In addition to the terms defined elsewhere in this Agreement, the following terms, used in this Settlement Agreement, shall have the meanings specified below:

a.      "Amended Demand for Settlement" means the Amended Demand in the Action, without material variation from Exhibit C, that Class Counsel filed pursuant to Paragraph 23.

b.      "Arbitrator" means JAMS Arbitrator Michael Loeb.

c.      "Asserted Claims" means all claims asserted in the Amended Demand for Settlement and their associated allegations and prayer for relief.

d.      "Authorized Claimant" means any Settlement Class Member who submits a valid and timely Claim that qualifies for a payment under the terms of this Settlement Agreement.

e.      "Bar Date" means the final date by which a Claim Form must be postmarked or submitted online in order for a Settlement Class Member to be eligible to receive a Settlement Payment.  The Bar Date shall be a date agreed to by the parties, approximately 60 days after the initial distribution of funds.

f.      "Claim" means the submission to be made by Settlement Class Members, using the Claim Form.

g.      "Claim Form" means the claim form to be developed by the Parties and the Settlement Administrator, or an electronic equivalent of such claim form.

h.      "Class Counsel" means Lichten & Liss-Riordan, P.C.

i.      "Class Members' Released Claims" means claims that were or could have been pled in the Amended Demand for Settlement and that arise from allegations of independent contractor misclassification (*i.e.*, claims that Class Members were improperly classified as independent contractors instead of employees).  The Class Members' Released Claims expressly include any and all past and present claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including but not limited to those based in common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, injunctive relief, penalties,

6

interest, attorneys' fees, costs, or disbursements, including but not limited to those incurred by Class Counsel or any other counsel representing the Named Claimants or any Settlement Class Members, other than those expressly awarded by the Arbitrator in the Fee and Expense Award authorized by this Agreement) that are based on or arise out of allegations that Class Members were misclassified as independent contractors instead of employees, including misclassification-related claims for unpaid wages (including claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums, and sick leave), expense reimbursements, interest, penalties (including waiting time penalties pursuant to Labor Code section 203, wage statement penalties pursuant to Labor Code section 226, and civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004 (Labor Code sections 2698, *et seq.*) ("PAGA")), claims pursuant to Labor Code sections 200–204, 206.5, 207, 208, 210–214, 216, 218, 218.5, 218.6, 221, 225.5, 226, 226.3, 226.7, 226.8, 227.3, 351, 353, 432.4, 510, 512, 551–552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, 2804, and 2699 *et seq.*, Code of Civil Procedure section 1021.5, California Code of Regulations, Title 8, Sections 11010 and 11040, the Industrial Welfare Commission Wage Orders, and claims under Business and Professions Code section 17200, *et seq.*, the federal Fair Labor Standards Act, claims for attorneys' fees and costs, and unfair business practices.  The Class Members' Released Claims do not include any claims by Class Members that they did not receive payment for orders delivered, or other payments required under the Courier Terms and Conditions or other contracts with or representations made by Caviar, unless those claims are based on alleged misclassification as an independent contractor.

j.      "Class Notice" means the notice of settlement to be provided to Settlement Class Members pursuant to the JAMS Class Action Procedures, the Preliminary Approval Order, and this Settlement Agreement.

k.      "Courier" means any individual who has been approved by Caviar to use the Caviar smartphone application to make food deliveries and who has made at least one delivery.

l.      "Court" means the California Superior Court in and for the County of San Francisco.

m.      "Effective Date" means seven (7) days after which all of the following events have occurred: (i) the Final Approval Order has been entered; (ii) the Court has issued a Judgment confirming the Final Approval Order and (iii) the Court's Judgment has become final.

n.      "Enhancement Payment" means the amount approved by the Arbitrator to be paid to each of the Named Claimants, in addition to their respective payments under the Plan of Allocation, and as further described in Paragraph 39, in recognition of their efforts in coming forward as Named Claimants and as consideration for a full, general, and comprehensive release of the Named Claimants' General Released Claims.  Under the terms of Paragraph 39, Enhancement Payments are payable fourteen (14) days after the Effective Date.  Enhancement Payments shall be considered non-wages for which IRS Form 1099 will be issued to each of the Named Claimants.

o.      "Escrow Account" means the bank account maintained by the Escrow Agent into which the Settlement Fund shall be deposited, pursuant to the Escrow Agreement, which shall be agreed to by the Parties.

p.      "Escrow Agent" means Garden City Group, the entity mutually agreed upon by Caviar and Class Counsel to maintain the Escrow Account, into which the Settlement Fund shall be deposited in accordance with the terms of this Agreement.

q.      "Exclusion/Objection Deadline" means the final date by which a Settlement Class Member may either (i) object to any aspect of the Settlement (pursuant to the Preliminary Approval Order and Section XI), or (ii) request to be excluded from the Settlement (pursuant to the Preliminary Approval Order and Section X).  The Exclusion/Objection Deadline is July 13, 2017.

r.      "Fairness Hearing" means the hearing at or after which the Arbitrator will make a final decision pursuant to the JAMS Class Action Procedures, Rule 6 as to whether the Settlement is fair, reasonable, and adequate and, therefore, finally approved by the Arbitrator.

s.      "Fee and Expense Award" means the attorneys' fees and expenses as awarded by the Arbitrator to Class Counsel and as further described in Paragraph 40. Under the terms of Paragraph 40, the Fee and Expense Award is payable fourteen (14) days after the Effective Date.

t.      "Final," when referring to a Judgment of the Court, means that (i) the judgment is a final, appealable judgment; and (ii) either (a) no appeal has been taken from the judgment as of the date on which all times to appeal therefrom have expired, or (b) an appeal or other review proceeding of the judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Judgment in its entirety.

u.      "Final Approval Order" means the Final Award and order, which will be agreed to by the Parties, that is entered by the Arbitrator finally approving the Settlement and this Settlement Agreement in all respects, as further set forth in Paragraph 29.

v.      "Judgment" means the judgment to be entered in the Action confirming the Arbitrator's Award granting final approval of this Settlement, pursuant to Paragraph 32 and elsewhere in this Agreement.

w.      "Legally Authorized Representative" means an administrator/administratrix, personal representative, or executor/executrix of a deceased Settlement Class Member's estate; a guardian, conservator, or next friend of an incapacitated Settlement Class Member; or any other legally appointed Person responsible for handling the business affairs of a Settlement Class Member.

x.      "Mailed Notice Date" means the date of the initial distribution of the Notice of Settlement of Class Action to potential Settlement Class Members, as provided in Paragraphs 23 and 61.

y.      "Named Claimants' General Released Claims" means any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages,

9

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

rights or liabilities, of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery (including but not limited to those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or disbursements against the Releasees (as defined below), including unknown claims covered by California Civil Code section 1542, as quoted below in Paragraph 74, by the Named Claimants, arising during the period from the beginning of the Named Claimants' relationship with Caviar (*i.e.*, the date on which each of them applied to accept Orders through the Caviar app) to the date on which the Arbitrator enters the Final Approval Order of this Settlement, for any type of relief that can be released as a matter of law, including, without limitation, claims for wages, damages, unpaid costs, penalties (including civil and waiting time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief (including injunctive relief) with the exception of any claims which cannot be released as a matter of law.  Claimants Levin, Rosen, and Brewster will generally release all known and unknown claims against Caviar, and waive the application of section 1542 of the California Civil Code conditioned upon Arbitrator approval of an Enhancement Payment for them.  The claims released pursuant to this paragraph include but are not limited to the Class Members' Released Claims, as well as any other claims under any provision of the Fair Labor Standards Act, the California Labor Code (including sections 132a, 4553 *et seq.*) or any applicable California Industrial Welfare Commission Wage Orders, and claims under state or federal discrimination statutes, including, without limitation, the California Fair Employment and Housing Act, California Government Code section 12940 *et seq.*; the Unruh Civil Rights Act, California Civil Code section 51 *et seq.*; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act of 1967, as amended; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and all of their implementing regulations and interpretive guidelines.

z.     "Net Settlement Fund" means the Settlement Fund less the PAGA Payment, the Fee and Expense Award, Enhancement Payments, escrow fees, costs, Taxes, and expenses (including, but not limited to, any cost and expenses paid out of the Notice and Administration Fund, any estimated future costs and expenses approved by the Arbitrator) as further provided in this Agreement, and all other funds, payments, and amounts provided for in subparts (a) through (f) of Paragraph 81.

aa.    "Notice and Administration Fund" means the fund consisting of one hundred thousand dollars ($100,000) advanced by Caviar from the Settlement Amount to the Escrow Account to be used by the Settlement Administrator at the direction of Class Counsel to pay the costs of notifying the Settlement Class Members, soliciting the filing of Claims by Settlement Class Members, assisting Settlement Class Members in making their Claims, and otherwise administering, on behalf of the Settlement Class Members, the Settlement embodied in this Settlement Agreement, as further described in this Agreement.  The monies in the Notice and Administrative Fund are part of the Settlement Amount to be paid by Caviar.  If for any reason the Settlement does not become Final or the Effective Date does not occur, the remaining money deposited into the Notice and Administration Fund shall be returned to Caviar, in accordance with the terms of the Escrow Agreement, and as further provided in Paragraph 69.

bb.    "Notice of Settlement of Class Action" means the long-form Arbitrator-approved notice, without material variation from Exhibit B.

cc.    "Opt-Out List" means the Arbitrator-approved list of all Persons who timely and properly requested exclusion from the Settlement Class, as further provided in Section X and Paragraph 29.

dd.    "PAGA Claims" means the Named Claimants' representative action seeking penalties pursuant to the Private Attorneys General Act of 2004 ("PAGA") alleged in the operative complaint in the Action. All Class Members will be bound by the settlement and release of the PAGA Claims or remedies described herein regardless of whether they submit requests for exclusion, which do not apply to the PAGA Claims.

ee.   "PAGA Payment" means a total payment of one hundred thousand ($100,000) to settle all claims under the PAGA.  From this amount, seventy-five percent (75%), or seven-five thousand dollars ($75,000), will be paid to the California Labor and Workforce Development Agency ("LWDA") for civil penalties pursuant to the PAGA and twenty five percent (25%), or twenty-five thousand dollars ($25,000), will be distributed to Settlement Class Members.

ff.   "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

gg.   "Plan of Allocation" means the plan for allocating the Net Settlement Fund between and among Authorized Claimants as approved by the Arbitrator, as further set forth in Paragraphs 41-50.  Settlement Payments pursuant to the Plan of Allocation shall be considered non-wages for which IRS Form 1099 will be issued to Authorized Claimants if required.

hh.   "Preliminary Approval Date" means the date that the Arbitrator will enter a Preliminary Approval Order and thus: (i) preliminarily approve the Settlement, and the exhibits thereto, and (ii) enter an award in the form of an order providing for notice to the Settlement Class, an opportunity to opt out of the Settlement Class, an opportunity to submit timely objections to the Settlement, a procedure for submitting claims, and setting a hearing on the fairness of the terms of Settlement, including approval of attorneys' fees and costs.

ii.   "Preliminary Approval Order" means the award and Order that the Named Claimants and Caviar will obtain from the Arbitrator, attached hereto as Exhibit A.  Entry of the Preliminary Approval Order will constitute preliminary approval of the Settlement Agreement. The Preliminary Approval order attached hereto as Exhibit A replaces and supersedes the prior Preliminary Approval Order entered by the Arbitrator on April 24, 2017 in its entirety.

jj.   "Released Claims" means (i) Class Members' Released Claims and (ii) Named Claimants' General Released Claims.

kk.   "Released Parties" or "Releasees" means (i) Caviar and its past, present, and future parents (including but not limited to Square, Inc.), subsidiaries, affiliates, divisions,

joint ventures, licensees, franchisees, and any other legal entities, whether foreign or domestic, that are owned or controlled by Caviar and (ii) the past, present, and future shareholders, officers, directors, members, agents, employees, independent contractors, consultants, representatives, fiduciaries, insurers, attorneys, legal representatives, predecessors, successors, and assigns of the entities in Part (i) of this Subparagraph.

ll.      "Order" means the pickup and delivery of a food order from a restaurant to a customer by a Courier.  An Order begins when the Courier uses the Caviar smartphone application to accept an order request and such acceptance is recorded by Caviar.  An Order ends when the Courier selects the "delivered" or equivalent option in the Caviar smartphone application (or, in rare instances, when the dispatcher indicates the delivery has concluded) and such selection is recorded by Caviar.

mm.     "Settlement" means the settlement of the Action between and among the Named Claimants, the Settlement Class Members, and Caviar, as set forth in this Settlement Agreement.

nn.     "Settlement Administrator" means Garden City Group, the neutral, third-party settlement administrator to be appointed by the Arbitrator.

oo.     "Settlement Amount" means one million, eight hundred seventy-five thousand, nine hundred and thirty-five dollars ($1,875,935).

pp.     "Settlement Class" means all Couriers who delivered at least one Order during the Settlement Class Period.  Excluded from the Settlement Class are Class Counsel and their employees and immediate family members and the Arbitrator and staff assigned to the Action and their immediate family members.

qq.      "Settlement Class Member" means any member of the Settlement Class.

rr.     "Settlement Class Period" means the period from May 1, 2012 through the Preliminary Approval Date.

ss.     "Settlement Fund" means the Settlement Amount.

tt.     "Settlement Payment" means the payment to a Settlement Class Member calculated pursuant to the Plan of Allocation.

1163190

### III.   SUBMISSION OF THE SETTLEMENT AGREEMENT TO THE COURT FOR PRELIMINARY AND FINAL APPROVAL

23.     The Named Claimants have submitted to the Arbitrator the Amended Demand for Settlement, a motion for preliminary approval of the Settlement and a joint motion for approval of this revised Settlement Agreement.  The joint motion for approval included a proposed plan for the sending of the Notice of Settlement of Class Action to Settlement Class Members by May 25, 2017, and provided that, by July 13, 2017, any Settlement Class Member may (i) request exclusion from the Settlement Class, (ii) object to the proposed Settlement, or (iii) object to Class Counsel's request for attorneys' fees and costs and for enhancement payments to the Named Claimants (the Exclusion/Objection Deadline).  The motion for preliminary approval also requested that any hearing on final approval of the Settlement and any determination on the request for attorneys' fees, costs, and enhancement payments (the "Fairness Hearing") be set for after the Exclusion/Objection Deadline.

24.     In connection with execution of this Settlement Agreement, the Named Claimants agree to the following:

a.     In the event that the Ninth Circuit inquires about counsel's availability for argument in *Levin v. Caviar*, No. 16-15975 (9th Cir.), or schedules argument in that matter, the parties shall notify the Ninth Circuit of this Settlement Agreement and request that no argument be scheduled in *Levin v. Caviar* pending Final Approval.  Within seven (7) days of Final Approval, Claimant Levin shall dismiss his appeal in *Levin v. Caviar* with prejudice.

b.     The Parties have entered into a stipulation to stay the deadline for Caviar to respond to the Complaint in *Rosen and Brewster v. Caviar*, No. CGC-16-555225, currently pending in the California Superior Court in and for the County of San Francisco, until after Final Approval. Within seven (7) days of Final Approval, Claimants Rosen and Brewster shall dismiss *Rosen and Brewster v. Caviar*, No. CGC-16-555225, with prejudice.

25.     The Parties stipulate to certification under the applicable JAMS rules, for settlement purposes only, of the Settlement Class, excluding the Settlement Class's PAGA Claims.  Each Party agrees that this stipulation shall not be used by any Person for any purpose

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
1163190

whatsoever in any legal proceeding, including but not limited to arbitrations, other than a proceeding to enforce the terms of the Agreement, as further set forth in this Agreement.

26.     The Parties and their counsel shall use their best efforts to obtain a Final Approval Order approving the Settlement from the Arbitrator, and shall use their best efforts to have that Final Approval order entered as a Judgment by the Court.

27.     The Parties agree to submit to the Arbitrator for his consideration this Settlement Agreement, including all Exhibits.

28.     Solely for purposes of implementing this Agreement and effectuating the proposed Settlement, the Parties agree and stipulate that:

a.     Named Claimants sought and obtained the Arbitrator's permission to enter the Amended Demand for Settlement, without material variation from Exhibit C, and Caviar consented to such amendment pursuant to applicable JAMS Rules.  The Amended Demand for Settlement was submitted concurrently with the submission of the motion for preliminary approval of the Settlement and was deemed filed as of April 24, 2017.  The Arbitrator's approval to file the Amended Demand for Settlement, and the subsequent prompt entry of the Amended Demand for Settlement, are material conditions of this Settlement Agreement.  The Parties agree that the filing of the Amended Demand for Settlement will streamline the settlement process and ensure that more money can be paid to Settlement Class Members by saving the costs of multiple notice and approval processes.  The Parties further agree and stipulate that Caviar may seek an order from the Arbitrator that the allegations in the Amended Demand for Settlement are deemed controverted by the answer previously filed by Caviar in response to the currently operative demand, such that no further responsive pleading from Caviar is required.  If for any reason the Settlement does not become Final or the Effective Date does not occur, the Amended Demand for Settlement shall be stricken from the record and the operative demand shall revert to the filed demand (filed on behalf of Claimant McKean only) that preceded the Amended Demand for Settlement.

b.     The Parties will submit to the Arbitrator the Preliminary Approval Order attached hereto as Exhibit A.  Among other things, the Preliminary Approval Order will grant

leave to preliminarily certify the Settlement Class for settlement purposes only; approve the Named Claimants as class representatives, appoint Class Counsel to represent the Settlement Class, and appoint the Settlement Administrator; approve the Notice of Settlement of Class Action, and the class notice plan embodied in the Settlement Agreement, and approve them as consistent with the JAMS Class Action Procedures and due process; set out the requirements for objecting to the Settlement, excluding Settlement Class Members from the Settlement Class, all as provided in this Agreement; provide that certification and all actions associated with certification are undertaken on the condition that the certification and other actions shall be automatically vacated if this Agreement is terminated, as provided in this Agreement; preliminarily enjoin all Settlement Class Members and their Legally Authorized Representatives, unless and until they submit a timely request for exclusion pursuant to the Settlement Agreement, from filing or otherwise participating in any other suit or arbitration based on the Class Members' Released Claims, or from attempting to effect an opt-out of a group, class, or subclass of individuals; and scheduled the Fairness Hearing for July 28, 2017.

29. At the Fairness Hearing, the Named Claimants shall request entry of a Final Approval Order, to be agreed upon by the Parties, the entry of which is a material condition of this Settlement Agreement, and that, among other things:

a. finally approves the Settlement as fair, reasonable, and adequate, within the meaning of JAMS Class Action Procedures, Rule 6(a)(2), and directs its consummation pursuant to the terms of the Settlement Agreement;

b. finds that Class Counsel and the Named Claimants adequately represented the Settlement Class for the purpose of entering into and implementing the Agreement;

c. re-confirms the appointment of the Settlement Administrator and finds that the Settlement Administrator has fulfilled its duties under the Settlement;

d. finds that the Class Notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, and their right to exclude themselves from or object to the proposed settlement and to appear at the Fairness Hearing; (iii) was

reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the JAMS Class Action Procedures, due process, and any other applicable rules or law;

e.      approves the Opt-Out List and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Approval Order (except with respect to their PAGA claims);

f.      dismisses the Action on the merits and with prejudice, and without fees or costs except as provided in this Agreement;

g.      directs that the Final Approval Order of dismissal shall be final and entered forthwith;

h.      without affecting the finality of the Final Approval Order, reserves jurisdiction over the Named Claimants, the Settlement Class, and Caviar as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement;

i.      adjudges that, as of the Effective Date, the Named Claimants, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court, and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released Named Claimants' General Released Claims (in the case of the Named Claimants) and Class Members' Released Claims (in the case of the Settlement Class Members) against Caviar and the Released Parties, and are bound by the provisions of this Agreement;

j.      declares this Agreement and the Final Approval Order to be binding on, and have res judicata and preclusive effect in, all pending and future lawsuits and/or arbitration or other proceedings: (i) that encompass the Named Claimants' General Released Claims and that are maintained by or on behalf of the Named Claimants and/or their heirs, estates, trustees,

17

1163190

executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, and (ii) that encompass the Class Members' Released Claims and that are maintained by or on behalf of any Settlement Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Arbitrator and/or his or her heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Class Members' Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed Settlement;

        k.     permanently bars and enjoins the Named Claimants, and all other Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List approved by the Court, from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Named Claimants' General Released Claims (in the case of the Named Claimants) and the Class Members' Released Claims (in the case of the Settlement Class Members) and (ii) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on the Class Members' Released Claims; determines that the Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation or arbitration class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be

18

1163190

made to this Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement, as further set forth in this Agreement;

l.       orders that the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Arbitrator or the Court, or any appellate court and/or other court of review, or if Caviar invokes the right to withdraw from the settlement as provided in Paragraphs 90–91 in which event the Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or non-liability or of any misrepresentation or omission in any statement or written document approved or made by any Party, or of the certifiability of a litigation class, as further provided in Paragraphs 93–94;

m.      authorizes the Parties, without further approval from the Arbitrator, to agree to and adopt such amendments, modifications, and expansions of this Agreement, including all Exhibits hereto, as (i) shall be consistent in all material respects with the Final Approval Order and (ii) do not limit the rights of Settlement Class Members; and

n.       contains such other and further provisions consistent with the terms of this Settlement Agreement to which the Parties expressly consent in writing.

30.      At the Fairness Hearing and as a part of the final approval of this Settlement, Class Counsel will also request approval of the Plan of Allocation set forth in Section V.  Any modification to the Plan of Allocation by the Court shall not (i) affect the enforceability of the Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement Agreement, or (iii) impose any obligation on Caviar to increase the consideration paid in connection with the Settlement.

31.      At the Fairness Hearing, Class Counsel may also request entry of an Order approving Class Counsel's application for an award of attorneys' fees and expenses and for enhancement payments to the Named Claimants.  Any such Fee and Expense Award or Enhancement Payment shall be paid exclusively from the Settlement Fund.  In no event shall

1163190

Caviar otherwise be obligated to pay for any attorneys' fees and expenses or enhancement payments. The disposition of Class Counsel's application for a Fee and Expense Award, and for Enhancement Payments, is within the sound discretion of the Arbitrator and is not a material term of this Settlement Agreement, and it is not a condition of this Settlement Agreement that such application be granted. Any disapproval or modification of such application by the Arbitrator shall not (i) affect the enforceability of the Settlement Agreement, (ii) provide any of the Parties with the right to terminate the Settlement Agreement, or (iii) impose any obligation on Caviar to increase the consideration paid in connection with the Settlement.

32.    Within 15 days after the Arbitrator enters the Final Approval Order, the Parties shall jointly file a petition with the Court for confirmation of the arbitration award in the form of the Final Approval Order, as well as a corresponding Judgment.

## IV.    SETTLEMENT CONSIDERATION

33.    The Settlement includes both monetary and non-monetary components, as set forth in detail below.

34.    The total monetary component of the Settlement from Caviar is the Settlement Amount ($1,875,935). This is an "all in" number that includes, without limitation, all monetary benefits and payments to the Settlement Class, Enhancement Payments, Fee and Expense Award, escrow fees, Taxes and Tax Expenses (as defined below), PAGA Payment, and all other costs and expenses relating to the Settlement (including, but not limited to, administration costs and expenses, notice costs and expenses, and settlement costs and expenses). Under no circumstances shall Caviar be required to pay anything more than the Settlement Amount. In no event shall Caviar be liable for making any payments under this Settlement, or for providing any relief to Settlement Class Members, before the deadlines set forth in this Agreement.

35.    Caviar shall pay this monetary component of the Settlement into the Escrow Account, for the benefit of the Settlement Class, as follows: (i) within twenty-one (21) days of the Preliminary Approval Date, Caviar shall pay into the Escrow Account one hundred thousand dollars ($100,000) to be used by the Settlement Administrator at the direction of Class Counsel for reasonable costs in connection with providing notice of the Settlement to Settlement Class

1163190

Members and for other administrative expenses (the "Notice and Administration Fund"),
according to the terms in Section VI; and (ii) within seven (7) days after the Effective Date,
Caviar shall pay into the Escrow Account the remaining amount of the Settlement Amount
($1,775,935).  After the Effective Date, Caviar shall not have any right to the return or reversion
of the Settlement Fund, or any portion thereof, except as provided in Section IX.

36.    Within seven (7) days of Final Approval, Caviar will (1) use an automated
dispatch system to assign orders to Couriers, with some exceptions; (2) give Couriers notice and
the opportunity to respond to certain alleged breaches of the Terms and Conditions prior to the
Couriers' permanent deactivation from the platform; and (3) give Couriers the opportunity to
appeal permanent deactivation arising out of certain breaches of the Terms and Conditions that, in
Caviar's judgment, require immediate deactivation.

37.    All Taxes arising with respect to the income, if any, earned by the Settlement Fund
(including any Taxes that may be imposed upon Caviar with respect to any income earned by the
Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified
settlement fund" for federal or state income tax purposes), and any expenses and costs incurred in
connection with the payment of Taxes pursuant to this Paragraph (including, without limitation,
expenses of tax attorneys and/or accountants and mailing, administration, and distribution costs
and expenses relating to the filing or the failure to file all necessary or advisable tax returns (the
"Tax Expenses")), shall be paid out of the Settlement Fund.  Caviar shall not have any liability or
responsibility for the Taxes or the Tax Expenses.  The Escrow Agent shall timely and properly
file all informational and other tax returns necessary or advisable with respect to the Settlement
Fund and the distributions and payments therefrom, including, without limitation, the tax returns
described in Treas. Reg. § 1.468B–2(k), and to the extent applicable, Treas. Reg. § 1.468B–2(1).
Such tax returns shall be consistent with the terms herein, and in all events shall reflect that all
Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.  The
Escrow Agent shall also timely pay Taxes and Tax Expenses out of the Settlement Fund to the
extent necessary, and is authorized to withdraw from the Escrow Account amounts necessary to
pay Taxes and Tax Expenses.  The Parties hereto agree to cooperate with the Escrow Agent, each

other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Settlement Agreement.  Neither the Parties nor their counsel shall have any responsibility or liability for the acts or omissions of the Escrow Agent.

38.     The Named Claimants and all Settlement Class Members who receive a payment of any kind from the Settlement Fund (including, in the case of the Named Claimants, Enhancement Payments) expressly acknowledge that such payments shall be considered non-wages for which an IRS Form 1099 will be issued, if required.  The Named Claimants and all Settlement Class Members who receive a payment of any kind from the Settlement Fund agree to timely pay in full all of the federal, state, and municipal income taxes owed on such payments.

39.     The terms of this Agreement relating to the Fee and Expense Award and Enhancement Payments were not negotiated by the Parties before full agreement was reached as to all other material terms of the proposed Settlement, including, but not limited to, any terms relating to the relief to the Settlement Class.  Caviar agrees not to oppose a request for an Enhancement Payment for Claimants Levin, Rosen, and Brewster, as awarded by the Arbitrator, up to a maximum of five thousand dollars ($5,000) each.  The Named Claimants and Class Counsel agree not to seek an Enhancement Payment in excess of seven thousand five hundred dollars ($7,500) for Claimant Levin and five thousand ($5,000) each for Claimants Rosen and Brewster.  Any Enhancement Payments, as awarded by the Arbitrator, shall be payable from the Settlement Fund contained in the Escrow Account, as ordered, fourteen (14) days after the Effective Date.

40.     Class Counsel agrees not to seek an award of fees and costs from the Arbitrator in excess of six hundred nineteen thousand, fifty-eight dollars and fifty-five cents ($619,058.55) from the Settlement Fund (not including, but in addition to, costs of administration).  Caviar agrees not to oppose a request for attorneys' fees and costs up to six hundred nineteen thousand, fifty-eight dollars and fifty-five cents ($619,058.55) from the Settlement Fund.  Any Fee and Expense Award, as awarded by the Court, shall be payable from the Settlement Fund contained in the Escrow Account, as ordered, fourteen (14) days after the Effective Date.

1

2

**V.    PLAN OF ALLOCATION AND DISBURSEMENT OF SETTLEMENT PAYMENTS**

3

4

5

6

7

41.    To receive a payment from the Settlement, a Settlement Class Member or his Legally Authorized Representative must timely submit a Claim Form that satisfies the requirements of Paragraph 42, must not have submitted a request for exclusion, and must be eligible for a payment under the Plan of Allocation in Paragraphs 43-48.  Each Settlement Class Member who satisfies these criteria is an Authorized Claimant.

8

9

10

11

42.    A Claim Form is timely if it is postmarked by the Bar Date and mailed to the Settlement Administrator at the address in the Notice of Settlement of Class Action, or if it is submitted online by the Bar Date. The Claim Form must be signed (electronically, if submitted online) under penalty of perjury.

12

13

43.    Settlement Payments shall be calculated using a points system, in accordance with the following Plan of Allocation.

14

15

44.    Each Authorized Claimant shall be awarded 1 point for every mile traveled, as can reasonably be determined by Caviar, while delivering Orders using the Caviar platform.

16

17

18

45.    For each Authorized Claimant who delivered at least one Order by car or motorcycle, the points calculated according to Paragraph 44 shall be quadrupled (*i.e.*, multiplied by 4).

19

20

21

22

23

46.    For each Authorized Claimant who traveled 100 or more miles per week in 50 percent or more of the weeks in the Settlement Class Period in which he or she delivered at least one Order, the points calculated according to Paragraph 44 (for Authorized Claimants who did not deliver any Order by car or motorcycle) or Paragraph 45 (for Authorized Claimants who delivered at least one Order by car or motorcycle) shall be doubled (*i.e.*, multiplied by 2).

24

25

26

27

28

47.    For each Authorized Claimant who delivered at least one Order in California, the points calculated according to Paragraph 44 (for Authorized Claimants who did not deliver any Order by car or motorcycle) or Paragraph 45 (for Authorized Claimants who delivered at least one Order by car or motorcycle) shall be doubled (*i.e.*, multiplied by 2).  Thus, for those Authorized Claimants who delivered at least one Order in California by car or motorcycle and who traveled 100 or more miles per week in 50 percent or more of the weeks in the Settlement

23

1163190

Class Period in which he or she delivered at least one Order, their points shall be multiplied by 16.

48.     The Settlement Administrator shall calculate the number of points to which each Authorized Claimant is entitled.  The determination of each Authorized Claimant's number of miles traveled shall be based on the relevant records that Caviar is able to identify following a good-faith inquiry, and Caviar shall make a diligent effort to supply the records to the Settlement Administrator in a standard electronic format.

49.     Following the award of points to all Authorized Claimants, each Authorized Claimant's points shall be divided by the sum of the points awarded to the Authorized Claimants as a whole, and the resulting fraction shall be multiplied by the Net Settlement Fund.  The product of this calculation is the Settlement Payment that each Authorized Claimant shall receive, except that no Class Member who submits a claim will receive less than $10.  However, the Settlement Administrator shall hold back from the initial settlement fund to be distributed an amount that the Administrator, in consultation with Claimants' counsel, believes should be sufficient to provide payments to additional Class Members who may submit claims following the initial distribution of funds and prior to the Bar Date.

50.     The Settlement Administrator shall use reasonable efforts to disburse Settlement Payments to all Authorized Claimants within forty-five (45) days after the Effective Date, but in no event before twenty-one (21) days after the Effective Date.  Such disbursements shall be made by direct payment via electronic funds transfer if possible or by check via first-class mail if necessary.  The Settlement Administrator shall confer with Class Counsel and with Caviar to determine which, if any, Authorized Claimants are able to receive direct payment via electronic funds transfer.  Subject to and as limited by all applicable legal and contractual obligations, Caviar shall make a diligent effort to supply the Settlement Administrator with the electronic funds transfer information, if any, that the Settlement Administrator requests for Authorized Claimants.  For those Settlement Payments for which the Settlement Administrator attempts payment by electronic funds transfer but such transfer is unsuccessful, and for those Settlement Payments for which the Settlement Administrator attempts payment by check but such check is

returned as undeliverable, the Settlement Administrator shall make a diligent effort to obtain updated electronic payment information or mailing addresses and attempt a second disbursement if the Settlement Payment is likely to be greater than fifty dollars ($50).  For any payments that are not successfully distributed to Class Members, after such reasonable efforts have been made to distribute the payments, those funds will return to the settlement fund to be distributed in the final distribution.

51.     Following the initial distribution of settlement funds, the Administrator shall send a reminder notice to all Class Members who have not submitted claims to participate in the settlement whose estimated shares would be greater than $100.  The reminder notice will inform these Class Members that they have an additional 60 days to submit claim forms.  At the expiration of those 60 days, the Administrator shall distribute settlement payments to those class members who have submitted claims by that date but have not yet received settlement payments, calculated in the same manner as provided in Paragraphs 43-48.

52.     Following the calculation of the distribution described in Paragraph 50, if there are any further funds remaining in the Net Settlement Fund, those funds shall be distributed to Class Members who have submitted claims, in proportion to the amounts of their initial payments, but only for those whose residual shares would be at least $50.

53.     If any settlement funds are remaining after the distributions described in Paragraphs 50 and 51 (i.e. if there are payments for which the Settlement Administrator was not able to effectuate payment to claiming Class Members, despite reasonable attempts to do so), those funds will be distributed on a *cy pres* basis to Legal Aid at Work.

54.     The Settlement Administrator shall send with each Settlement Payment disbursement an explanation (in a concurrent electronic mail message for an electronic funds transfer and in an enclosed letter for a check) of how the Authorized Claimant's Settlement Payment was calculated and how the Authorized Claimant may challenge that calculation (as set forth in Paragraph 55).  At the same time, the Settlement Administrator shall send a letter, via electronic mail if possible and via first-class mail if necessary, to each claimant who is not an

Authorized Claimant explaining that the claimant is not entitled to a payment under this Settlement and that the claimant may challenge that determination (as set forth in Paragraph 55).

55.     If an Authorized Claimant or Settlement Class Member disagrees with the calculation of his or her Settlement Payment, the records used for such calculation, or the determination that he or she is not an Authorized Claimant, he or she may challenge the calculation, records, or determination.  The Authorized Claimant or Settlement Class Member must send the challenge, along with any supporting documentation, to the Settlement Administrator such that it is postmarked no later than sixty (60) days from the date of the initial disbursement of Settlement Payments.  The Settlement Administrator shall resolve the challenge based on input from Class Counsel and Caviar, who shall cooperate in good faith to assist the Settlement Administrator.  Class Counsel and Caviar acknowledge in this regard that, as provided for by Paragraph 129, they remain subject to the jurisdiction of the Arbitrator for all purposes related to this Settlement Agreement.  In the event that the Settlement Administrator resolves the challenge in favor of the Authorized Claimant or Settlement Class Member, the Settlement Administrator shall provide the Authorized Claimant or Settlement Class Member with a disbursement from the unclaimed funds.

56.     The Parties recognize that the Settlement Payments to be paid to Authorized Claimants reflect settlement of a dispute over the Released Claims. The Parties agree that the Settlement Payments are not, and are not intended to be made as a payment with respect to, a penalty or a punishment of the type or kind contemplated by Internal Revenue Service Code Section 162(f), except that the PAGA Payment is a civil penalty.  With the exception of the PAGA Payment, no governmental entity is directly or indirectly a recipient of any portion of the payments made pursuant to this Settlement, and no governmental entity has any interest or involvement of any type or kind in the litigation hereby settled.  The payments made herein are not made or received with the intention of avoiding or reducing any liability to a governmental entity of any type or kind.

57.     As provided in Paragraph 38, Authorized Claimants shall be solely responsible for the timely payment in full of all federal, state, and municipal income taxes owed on Settlement

Payments.  Neither Party has made any representation to the other Party as to the taxability or tax implications of any Settlement Payments or other payments pursuant to this Agreement.

**VI.     NOTICE AND ADMINISTRATION FUND AND MAILING OF CLASS NOTICE**

58.     The Notice and Administration Fund shall be used by the Settlement Administrator to pay the costs of identifying and notifying Settlement Class Members, and, as allowed by the Court, soliciting the filing of Claims, facilitating the claims process, and otherwise administering the Settlement on behalf of the Settlement Class Members.  Any notice and administration costs, as well as all applicable Taxes and escrow fees, shall be paid out of the Notice and Administration Fund and, if the Notice and Administration Fund is exhausted, out of the Settlement Fund.  Notice and administration costs shall include, among other things, identifying the last-known electronic and/or postal mailing addresses for Settlement Class Members, mailing, printing (if necessary), and publishing notice, as directed by the Court, and the cost of processing Claims and distributing the Net Settlement Fund to Settlement Class Members.

59.     Caviar will provide the Settlement Administrator the names and last-known electronic and postal mail addresses of potential Settlement Class Members that it is able to identify following a good-faith inquiry.  Caviar will provide the Settlement Administrator and Class Counsel with Class Members' names and the information from which Class Members' Points will be calculated.  Class Counsel will be permitted to review and approve the calculation of settlement funds to be distributed.

60.     To the extent that sending the Notice of Settlement of Class Action via postal mail is necessary under the terms of Paragraph 62, before any mailing, the Settlement Administrator shall make a good-faith attempt to obtain the most-current names and postal mail addresses for all potential Settlement Class Members to receive such postal mail, including cross-checking the names and/or postal mail addresses it received from Caviar, as well as any other sources, with appropriate databases (*e.g.*, the National Change of Address Database) and performing further reasonable searches (*e.g.*, through Lexis/Nexis) for more-current names and/or postal mail addresses for potential Settlement Class Members.  All potential Settlement Class Members'

names and postal mail addresses obtained through these sources shall be protected as confidential and not used for purposes other than the notice and administration of this Settlement.

61. The Settlement Administrator shall send a copy of the Notice of Settlement of Class Action by electronic mail to each potential Settlement Class Member, as well as to Class Counsel and to counsel for Caviar.

62. If any Notice of Settlement of Class Action sent via electronic mail to any potential Settlement Class Member in accordance with Paragraph 61 is undeliverable, the Settlement Administrator will promptly log each such Notice of Settlement of Class Action and provide copies of the log to Class Counsel and counsel for Caviar, as requested. The Settlement Administrator shall then send the Notice of Settlement of Class Action to the potential Settlement Class Member's postal mailing address on file via first-class mail. If any Notice of Settlement of Class Action sent to any potential Settlement Class Member via first-class mail is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will promptly log each such Notice of Settlement of Class Action and provide copies of the log to Class Counsel and counsel for Caviar, as requested. If the postal mailing is returned with a forwarding address, the Settlement Administrator shall forward the postal mailing to that address. For any remaining returned postal mailings, the Settlement Administrator shall made a good-faith search of an appropriate database, and postal mailings shall be forwarded to any new postal mail address obtained through such a search. In the event that any Notice of Settlement of Class Action is returned as undeliverable a second time, no further postal mailing shall be required.

63. The Parties agree that the procedures set forth in this Section constitute reasonable and the best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses for Settlement Class Members such that no additional efforts to do so shall be required.

64. The Settlement Administrator will provide Class Notice by, at a minimum, (i) electronic mail notice without material variation from the form attached as Exhibit B; (ii) if necessary in accordance with Paragraph 62, first-class mail (where available) notice without material variation from the form attached as Exhibit B; and (iii) a hyperlink to a website managed

by the Settlement Administrator and accessible by class members, and approved by counsel for the Parties, which will contain the Class Notice, a copy of this Settlement Agreement, and other relevant pleadings.  The Class Notice shall comply with the JAMS Class Action Procedures and due process.

65.     The Class Notice shall inform potential Settlement Class Members that Settlement Payments will be made by direct payment via electronic funds transfer if possible or by check via first-class mail if necessary and possible.  If the Settlement Administrator, in consultation with Caviar, determines that it is feasible to receive updated electronic funds transfer from potential Settlement Class Members who do not have current electronic funds transfer information on file with Caviar, the Settlement Administrator shall provide an opportunity for potential Settlement Class Members to submit such updated information, or to request payment by paper check if they prefer.  The Settlement Administrator shall provide an opportunity for potential Settlement Class Members to submit updated postal mailing addresses.

66.     Thirty (30) days before the Bar Date or at such other time or times as the Settlement Administrator deems appropriate, the Settlement Administrator shall distribute by electronic mail a neutral notice reminding Settlement Class Members who have not submitted a Claim Form of the need to do so in order to receive a Settlement Payment.  The Settlement Administrator shall make additional reasonable efforts (in consultation with Class Counsel) to locate and remind Settlement Class Members who have not submitted a Claim Form and whose Settlement Payment would likely be at least one hundred dollars ($100) of the need to submit a Claim Form in order to receive a Settlement Payment.  Such reasonable efforts may include, but are not limited to, attempting to contact such Settlement Class Members by postal mail in addition to electronic mail.

67.     The Parties agree to notify each other and the Settlement Administrator of the receipt of any request for exclusion or objection to this Settlement within five (5) business days of receipt.

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1163190

68.     As of the Effective Date, any balance, including interest if any, remaining in the Notice and Administration Fund, less expenses incurred but not yet paid, shall be deposited into the Settlement Fund.

69.     If the Settlement is not approved, is overturned, or is modified on appeal or as a result of further proceedings on remand of any appeal with respect to the Settlement, or if the Effective Date otherwise does not occur, the balance of the Notice and Administration Fund which has not been expended pursuant to this Agreement, and the balance of the Settlement Fund, including all earned or accrued interest, shall be returned to Caviar within five (5) days, or as soon as practicable, as set forth in this Agreement and in accordance with the Escrow Agreement.

70.     If any individual whose name does not appear on the list of potential Settlement Class Members that Caviar provides the Settlement Administrator pursuant to Paragraph 59 (and who has not previously opted out of the Settlement Class), believes that he or she is a Settlement Class Member, he or she shall have the opportunity to dispute his or her exclusion from the Settlement Class.  If an individual believes he or she is a Settlement Class Member, he or she must notify the Settlement Administrator within a reasonable amount of time after the first mailing of the Notice of Settlement of Class Action.  The Parties will meet and confer regarding any such individuals in an attempt to reach an agreement as to whether any such individual should be regarded as a Settlement Class Member.  If the Parties so agree, the Settlement Administrator will mail a Notice of Settlement of Class Action and Claim Form to the individual, and treat the individual as a Settlement Class Member for all other purposes.  Such an individual will have all of the same rights as any other Settlement Class Member under this Agreement.  In the event that the initial disbursement of Settlement Payments has begun (in accordance with this Settlement Agreement) at the time that the Parties agree that such individual should be regarded as a Settlement Class Member and that such individual submits a valid Claim Form, the Settlement Payment to such individual shall be disbursed from the settlement fund.

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

## VII.    RELEASES

71.    The Released Claims against each and all of the Released Parties shall be released and dismissed with prejudice and on the merits (without an award of costs to any party other than as provided in this Agreement) upon entry of the Final Approval Order and Judgment.

72.    As of the Effective Date, the Named Claimants, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, individually and on behalf of their heirs, estates, trustees, executors, administrators, representatives, agents, successors, and assigns, and anyone claiming through them or acting or purporting to act on their behalf, agree to forever release, discharge, hold harmless, and covenant not to sue each and all of the Released Parties from each and all of the Named Claimants' General Released Claims (in the case of the Named Claimants) and the Class Members' Released Claims (in the case of the Settlement Class Members), and by operation of the Judgment shall have fully and finally released, relinquished, and discharged all such claims against each and all of the Released Parties; and they further agree that they shall not now or hereafter initiate, maintain, or assert any Named Claimants' General Released Claims (in the case of the Named Claimants) and any Class Members' Released Claims (in the case of the Settlement Class Members) against the Released Parties in any other court action or before any administrative body, tribunal, arbitration panel or single arbitrator, or other adjudicating body.  Without in any way limiting the scope of the release described in Paragraphs 22(i) and 22(y) or in the remainder of this Section, this release covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing the Named Claimants or Settlement Class Members, or by the Named Claimants or Settlement Class Members, or any of them, in connection with or related in any manner to the Action, the Settlement of the Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Agreement.

73.    As of the Effective Date, the Named Claimants, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, shall be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal or any arbitral forum any and all Named

31

1163190

Claimants' General Released Claims (in the case of the Named Claimants) and any Class Members' Released Claims (in the case of the Settlement Class Members), as further provided in Paragraph 29(k).

74.     The Named Claimants and the Settlement Class Members expressly acknowledge that they are familiar with principles of law such as Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

75.     With respect to the Class Members' Released Claims, as described in Paragraph 22(i), each Settlement Class Member shall be deemed to have expressly, knowingly, and voluntarily waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had pursuant to Section 1542 of the California Civil Code and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein.  In connection with the release, the Settlement Class Members acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein.  Nevertheless, the Settlement Class Members acknowledge that a portion of the consideration received herein is for a release with respect to unknown damages and complaints, whether resulting from known injuries and consequences or from unknown injuries or unknown consequences of known or unknown injuries, and state that it is the intention of the Settlement Class Members in agreeing to this release fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting Class Members' Released Claims.

76.     With respect to the Named Claimants' General Released Claims, as described in Paragraph 22(y), each Named Claimant shall be deemed to have expressly, knowingly, and voluntarily waived and relinquished, to the fullest extent permitted by law, the provisions, rights,

and benefits he or she may otherwise have had pursuant to Section 1542 of the California Civil Code and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein.  In connection with the release, the Named Claimants acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein.  Nevertheless, the Named Claimants acknowledge that a portion of the consideration received herein is for a release with respect to unknown damages and complaints, whether resulting from known injuries and consequences or from unknown injuries or unknown consequences of known or unknown injuries, and state that it is the intention of the Named Claimants in agreeing to this release fully, finally, and forever to settle and release all matters and all claims that exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action), constituting Named Claimants' General Released Claims.

77.     Each Named Claimant further acknowledges, agrees, and understands that: (i) he or she has read and understands the terms of this Agreement; (ii) he or she has been advised in writing to consult with an attorney before executing this Agreement; (iii) he or she has obtained and considered such legal counsel as he deems necessary; (iv) he or she has been given twenty-one (21) days to consider whether or not to enter into this Agreement (although he or she may elect not to use the full 21 day period at his option);

78.     Each Named Claimant further acknowledges, agrees, and understands that he or she is expressly, knowingly, and voluntarily waiving and relinquishing, to the fullest extent permitted by law, all rights or claims arising under the Age Discrimination in Employment Act of 1967.  Each Named Claimant may revoke his or her acceptance of the Enhancement Payment in consideration for the Named Claimants' General Released Claims within seven (7) days after the date he or she signs it.  Any revocation must be in writing and received by counsel for Caviar.

79.     Subject to Arbitrator approval and entry of Judgment by the Court, the Named Claimant, and all Settlement Class Members who have not been excluded from the Settlement Class as provided in the Opt-Out List, shall be bound by this Settlement Agreement, and all of

their claims shall be dismissed with prejudice and released, even if they never received actual notice of the Action or this Settlement.

**VIII.   ADMINISTRATION OF THE SETTLEMENT FUND**

80.     The Settlement Administrator or its authorized agents in consultation with the Parties and subject to the supervision, direction, and approval of the Arbitrator, shall administer and identify Claims submitted by Settlement Class Members, and shall calculate the allocation of and oversee the distribution of the Settlement Fund to Settlement Class Members.

81.     The Notice and Administration Fund and the Settlement Fund shall be applied as follows:

a.      to pay all costs and expenses incurred in connection with providing Class Notice to Settlement Class Members and, as allowed by the Court, locating Settlement Class Members' last-known postal mail addresses, soliciting Claims, assisting with the filing of Claims, processing Claim Forms and any objections, challenges, and requests for exclusion, administering and distributing the Settlement Fund to the Settlement Class, and escrow fees and costs, in accordance with the terms provided for the Notice and Administration Fund in Section VI;

b.      subject to the approval and further order(s) of the Arbitrator, and according to the terms provided in Paragraph 39, to pay to Claimants Levin, Rosen, and Brewster Enhancement Payments based on contributions and time expended assisting in the litigation, in the amount ordered by the Arbitrator in the Final Approval Order;

c.      subject to the approval and further order(s) of the Arbitrator, and according to the terms of Paragraph 40, to pay the Fee and Expense Award as ordered by the Arbitrator;

d.      to pay Taxes and Tax Expenses owed by the Settlement Fund, according to the terms in Paragraph 37;

e.      to pay any costs and expenses incurred in connection with the services provided by the Escrow Agent;

f.      after the Effective Date and subject to the approval and further order(s) of the Arbitrator and/or the Court, to distribute the balance of the Net Settlement Fund for the benefit of the Settlement Class pursuant to the Plan of Allocation, or as otherwise ordered by the

34

1163190

Arbitrator and/or the Court, provided that no funds from the Net Settlement Fund shall be disbursed until after the Effective Date; and

g. if necessary, to make further distributions according to the terms of Paragraph 82.

82. One hundred eighty (180) days after the distribution of the balance of the Net Settlement Fund for the benefit of the Settlement Class, should any amount remain in the Net Settlement Fund or the Notice and Administration Fund, the Settlement Administrator shall make a further distribution of such amounts pursuant to the Plan of Allocation to those Settlement Class Members who received an initial Settlement Payment and whose residual share would likely be at least fifty dollars ($50). If any funds are not successfully disbursed through this further distribution (for example, if checks are not cashed or returned as undeliverable), the Settlement Administrator shall direct such unclaimed funds to Legal Aid at Work (formerly known as Legal Aid Society – Employment Law Center), which the parties agree has a direct and substantial nexus to the interests of the Settlement Class, and thus provides for a "next best distribution" to the Settlement Class.

83. Settlement Class Members who are not on the Opt-Out List approved by the Arbitrator shall be subject to and bound by the provisions of the Settlement Agreement, the releases contained herein, and the Judgment with respect to all Class Members' Released Claims, regardless of whether they seek or obtain any distribution from the Settlement Fund.

84. Caviar shall bear no responsibility for the costs, fees, or expenses related to the administration and distribution of the Settlement Fund. Neither Caviar nor its counsel shall have any responsibility for, interest in, or liability whatsoever with respect to any solicitation, receipt, or processing of Claims, the Settlement Fund, any Plan of Allocation, the calculations or disbursement of Settlement Payments, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

85. The Settlement Administrator shall be responsible for issuing copies of IRS Form 1099 for the Named Claimants and for all Settlement Class Members who receive a payment of

1163190

any kind from the Settlement Fund (including, in the case of the Named Claimants, Enhancement Payments) and for whom such form is required.

86.     Neither Caviar nor Named Claimants nor their counsel shall have any liability concerning the appointment of the Settlement Administrator and any actions taken by it.

87.     Payment from the Settlement Fund and Net Settlement Fund made pursuant to and in the manner set forth herein shall be deemed conclusive of compliance with this Settlement Agreement as to all Settlement Class Members.

88.     No Settlement Class Member shall have any claim against the Named Claimants, Class Counsel, or the Settlement Administrator based on distributions made substantially in accordance with this Settlement Agreement and/or orders of the Arbitrator and/or the Court.  No Settlement Class Member shall have any claim against Caviar or its counsel relating to distributions made under this Settlement.

## IX.     EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF SETTLEMENT AGREEMENT

89.     If the Arbitrator does not approve the Settlement as set forth in this Settlement Agreement (*i.e.*, by not entering an award in the form of the Final Approval Order that will be agreed upon by the Parties), or if the Court does not enter Judgment confirming the Final Approval Order, or if the Court enters the Judgment and appellate review is sought, and on such review, the entry of Judgment is vacated, modified in any way, or reversed, or if the Final Approval Order does not otherwise become Final, then this Settlement Agreement shall be cancelled and terminated, unless all Parties, in their sole discretion within thirty (30) days from the date of such ruling, provide written notice to all other Parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as it may be modified by the Arbitrator, the Court, or any appellate court.

90.     Caviar shall have the right to withdraw from the Settlement if the Amended Demand for Settlement does not become the operative demand in the Action promptly after Preliminary Approval.  If Caviar chooses, pursuant to its sole and absolute discretion, to exercise this right, it must do so within thirty (30) days of the Preliminary Approval Date, by providing written notice to Class Counsel.

91.      Caviar shall have the right to withdraw from the Settlement if the number of Settlement Class Members who attempt to exclude themselves from the Settlement Class equals or exceeds twenty-five (25) potential Settlement Class Members.  If Caviar chooses, pursuant to its sole and absolute discretion, to exercise this right, it must do so within ten (10) days of receipt of the Settlement Administrator's opt-out list as provided in Paragraph 103, by providing written notice to Class Counsel.

92.      In the event that (i) the Settlement is not approved, is overturned, or is materially modified by the Arbitrator, the Court or on appeal, (ii) the Judgment does not become Final, or (iii) this Settlement Agreement is terminated, cancelled, or fails to become effective for any reason, then within five (5) business days after written notice is sent by Class Counsel or counsel for Caviar to all Parties hereto, the Notice and Administration Fund, less any funds paid or expenses incurred but not yet paid, the Settlement Fund, and any other cash deposited by Caviar into the Escrow Account pursuant to this Agreement shall be refunded to Caviar, including interest earned or accrued.

93.      In the event that: (i) the Settlement is not approved, is overturned, or is materially modified by the Arbitrator, the Court, or on appeal, (ii) the Judgment does not become Final, or (iii) this Settlement Agreement is terminated, cancelled, or fails to become effective for any reason, then: (a) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable, with the exception of this Paragraph, which shall remain effective and enforceable; (b) the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of February 1, 2017, including with respect to any Court- or Arbitrator-imposed deadlines; (c) Caviar shall be refunded the amounts paid pursuant to this Agreement but not yet spent or disbursed; (d) all Orders entered in connection with the Settlement, including the certification of the Settlement Class and the approval for filing of the Amended Demand for Settlement, shall be vacated without prejudice to any Party's position on the issue of class certification, the issue of amending the demand, or any other issue, in this Action or any other action, and the Parties shall be restored to their litigation positions existing on the date of execution of this Agreement; and (e) the Parties shall proceed in all

37

1163190

respects as if the Settlement Agreement and related documentation and orders had not been executed, and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement.  The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered, received, or construed as evidence of a presumption, concession, or an admission of liability, of the certifiability of a litigation or arbitration class, of the ability to bring class claims in arbitration, or of any misrepresentation or omission in any statement or written document approved or made, or otherwise used by any Person for any purpose whatsoever, in any trial or arbitration of this Action or any other action or proceedings.

94.     Caviar does not agree or consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Action.  If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, all Orders certifying the Settlement Class for purposes of effecting this Settlement Agreement, and all preliminary and/or final findings regarding the Settlement Class certification order, shall be automatically vacated upon notice to the Arbitrator, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Action shall revert *nunc pro tunc* to the procedural status quo as of the date and time immediately before the execution of the Settlement Agreement, including reversion to the previously operative demand for arbitration in this Action filed only by Claimant Sean McKean, in accordance with this Settlement Agreement.

**X.     PROCEDURES FOR REQUESTS FOR EXCLUSION**

95.     Settlement Class Members (with the exception of the Named Claimants) may opt-out of the Settlement.  Those who wish to exclude themselves (or "opt out") from the Settlement Class must submit timely, written requests for exclusion.  To be effective, such a request must

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
1163190

include the Settlement Class Member's name, address, and telephone number; a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member. The request must be mailed to the Settlement Administrator at the address provided in the Notice of Settlement of Class Action and must be postmarked no later than the Exclusion/Objection Deadline. The date of the postmark shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Requests for exclusion must be exercised individually by the Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such individual exclusion requests may be submitted by a Settlement Class Member's Legally Authorized Representative.

96.     The Settlement Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Class Counsel and counsel for Caviar, as requested.

97.     The Settlement Administrator shall prepare a list of all Persons who timely and properly requested exclusion from the Settlement Class and shall, before the Fairness Hearing, submit an affidavit to the Arbitrator attesting to the accuracy of the list.

98.     All Settlement Class Members who are not included in the Opt-Out List approved by the Arbitrator shall be bound by this Agreement, and all their claims shall be dismissed with prejudice and released as provided for herein, even if they never received actual notice of the Action or this proposed Settlement.

99.     The Settlement Administrator, in its sole discretion, shall determine whether a request for exclusion was timely submitted. The Settlement Administrator's decision shall be final, binding, and nonappealable.

100.     The Named Claimants (other than Sean McKean) agree not to request exclusion from the Settlement Class.

101.     Settlement Class Members may object to or opt out of the Settlement, but may not do both. Any Settlement Class Member who submits a timely request for exclusion may not file

an objection to the Settlement, submit a Claim, or receive a Settlement Payment, and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

102.    Notwithstanding the submission of a timely request for exclusion, Class Members will still be bound by the settlement and release of the PAGA Claims or remedies under the Final Judgment pursuant to *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  Requests for exclusion do not apply to the PAGA Claims.

103.    No later than ten (10) business days after the Exclusion/Objection Deadline, the Settlement Administrator shall provide to Class Counsel and counsel for Caviar a complete opt-out list together with copies of the opt-out requests.  Notwithstanding any other provision of this Settlement Agreement, if more than twenty five (25) Settlement Class Members opt out of the Settlement, Caviar at its sole and exclusive option may elect to rescind and revoke the entire Settlement Agreement, thereby rendering the Settlement null and void in its entirety, by sending written notice that it revokes the Settlement pursuant to this Paragraph to Class Counsel within ten (10) business days following receipt of the Settlement Administrator's opt-out list.

## XI.    PROCEDURES FOR OBJECTIONS

104.    Any Settlement Class Member that wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement must provide to the Settlement Administrator (who shall forward it to Class Counsel and Counsel for Caviar), and file with the Arbitrator, a timely statement of the objection, as set forth below.

105.    To be timely, the objection must be postmarked and mailed to the Settlement Administrator, and filed with the Arbitrator, no later than the Exclusion/Objection Deadline.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether objection has been timely submitted.

106.    The objection must contain at least the following: (i) the objector's full name, address, telephone, and signature; (ii) a clear reference to the Action; (iii) a statement of the specific legal and factual basis for each objection argument; and (iv) a statement whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number,

40
1163190

address, and telephone number.  All objections shall be signed by the objecting Settlement Class Member (or his Legally Authorized Representative), even if the Settlement Class Member is represented by counsel.

107.    Any Settlement Class Member (and/or his attorney), or any attorney working for a governmental entity, who wishes to appear in the Action to object to the settlement or who is representing or assisting a Settlement Class Member in connection with any objection to the settlement (including, but not limited to, by drafting or preparing papers for an objection on behalf of a Settlement Class Member) must provide to the Settlement Administrator (who shall forward it to Class Counsel and counsel for Caviar) and file with the Clerk of the Court a notice of appearance no later than the Exclusion/Objection Deadline.

108.    The right to object to the proposed settlement must be exercised individually by a Settlement Class Member or his attorney, and not as a member of a group, class, or subclass, except that such individual objections may be submitted by a Settlement Class Member's Legally Authorized Representative.

109.    Any Settlement Class Member who does not file a timely notice of intent to object in accordance with this Section shall waive the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement, the Plan of Allocation, the Fee and Expense Award, and the Enhancement Payments.  Settlement Class Members who object to the proposed Settlement shall remain Settlement Class Members, and shall be deemed to have voluntarily waived their right to pursue an independent remedy against Caviar and the Released Parties.  To the extent any Settlement Class Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and Judgment.

110.    In the event that any Person objects to or opposes this proposed Settlement, or attempts to intervene in or otherwise enter the Action, the Parties agree to use their best efforts to cooperate in the defense of the Settlement.  Notwithstanding the foregoing, it shall be Class Counsel's sole responsibility to respond to any objections made with respect to any application for the Fee and Expense and Enhancement Payments.

## XII.   ADDITIONAL PROVISIONS

111.   All of the Exhibits to this Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

112.   The Named Claimants and Class Counsel acknowledge that an adequate factual record has been established that supports the Settlement and, apart from the limited discovery described in the next sentence, hereby waive any right to conduct further discovery to assess or confirm the Settlement.  Notwithstanding the prior sentence, the Parties agree to reasonably cooperate with respect to limited confirmatory discovery to be agreed upon related to the last-known addresses of Settlement Class Members.

113.   Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days.  In the event any date or deadline set forth in this Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

114.   This Agreement supersedes all prior negotiations and agreements and may be amended or modified only by a written instrument signed by counsel for all Parties or the Parties' successors-in-interest.

115.   The Parties reserve the right, subject to the Arbitrator's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.  Such extensions must be in writing to be enforceable.

116.   The Settlement Agreement, the Settlement, the fact of the Settlement's existence, any of terms of the Settlement Agreement, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement or the Settlement, and/or any negotiations, proceedings, acts performed, or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) may not be deemed to be, may not be used as, and do not constitute an admission or evidence of the validity of any Released Claims or of any wrongdoing or liability of Caviar; and (ii) may not be deemed to be, may not be used as, and do not constitute an admission or evidence of any fault, wrongdoing, or omission by Caviar in any trial, civil, criminal, or administrative proceeding of the Action or any other action or proceedings in any court, administrative agency, or other tribunal, or in any arbitration proceeding.

117.    The Released Parties shall have the right to file the Settlement Agreement, the Final Approval Order and Judgment, and any other documents or evidence relating to the Settlement in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, waiver, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

118.    The Parties to the Settlement Agreement agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, resulted from an arm's-length mediation sessions presided over by the Hon. James L. Warren (Ret.), and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

119.    The Named Claimants and Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Named Claimants asserted against Caviar, including the claims on behalf of the Settlement Class, and that it promotes the best interests of the Settlement Class.

120.    To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.

121.    The Parties agree that the Named Claimants and Class Counsel are not required to return any documents produced by Caviar until the final resolution of the Action.  Within sixty (60) days following the Effective Date, Class Counsel shall return to Caviar all documents produced in the Action, or confirm in writing that all such documents have been destroyed, in a manner consistent with the terms of any applicable Protective Order in the Action, and to the extent practicable.

122.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

123.    This Settlement Agreement, including its Exhibits, constitutes the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in this Settlement Agreement and its Exhibits.

124.    This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

125.    The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Arbitrator and the Court required by this Settlement Agreement.

126.    This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

127.    This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in the Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement.

128.    Except where this Settlement Agreement itself provides otherwise, all terms, conditions, and Exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

129.    This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles.  The Arbitrator shall maintain jurisdiction over any action based on this Settlement Agreement, or over any action to enforce any of its terms.  To the extent the Arbitrator or the Court (or any other tribunal)

1163190

determines that the Arbitrator lacks jurisdiction over an action based on this Settlement

Agreement (including any action to enforce its terms), then the action shall be venued in the

California Superior Court in and for the County of San Francisco.  All Parties to this Settlement

Agreement shall be subject to the jurisdiction of the Arbitrator and, as applicable, the California

Superior Court in and for the County of San Francisco, for all purposes related to this Settlement

Agreement.  This Paragraph relates solely to the law governing this Settlement Agreement and

any action based thereon, and nothing in this Paragraph shall be construed as an admission or

finding that California law applies to the Released Claims of any Named Claimants or Settlement

Class Members who reside outside of the state.

130.    The headings used in this Settlement Agreement are for the convenience of the

reader only, and shall not affect the meaning or interpretation of this Settlement Agreement.

131.    In construing this Settlement Agreement, the use of the singular includes the plural

(and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

132.    Each Party to this Settlement Agreement warrants that he, she, or it is acting upon

his or its independent judgment and upon the advice of his or its counsel, and not in reliance upon

any warranty or representation, express or implied, of any nature of any kind by any other Party,

other than the warranties and representations expressly made in this Settlement Agreement.

Agreed and Accepted:

Dated:  May____, 2017                                        _____
               19                                                            Nadezhda Rosen

Dated:  May ___, 2017                                       _____
                                                                            La'Dell Brewster

Dated:  May ___, 2017                                       _____
                                                                            Jeffry Levin

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1163190

1  determines that the Arbitrator lacks jurisdiction over an action based on this Settlement

2  Agreement (including any action to enforce its terms), then the action shall be venued in the

3  California Superior Court in and for the County of San Francisco.  All Parties to this Settlement

4  Agreement shall be subject to the jurisdiction of the Arbitrator and, as applicable, the California

5  Superior Court in and for the County of San Francisco, for all purposes related to this Settlement

6  Agreement.  This Paragraph relates solely to the law governing this Settlement Agreement and

7  any action based thereon, and nothing in this Paragraph shall be construed as an admission or

8  finding that California law applies to the Released Claims of any Named Claimants or Settlement

9  Class Members who reside outside of the state.

10         130.    The headings used in this Settlement Agreement are for the convenience of the

11  reader only, and shall not affect the meaning or interpretation of this Settlement Agreement.

12         131.    In construing this Settlement Agreement, the use of the singular includes the plural

13  (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

14         132.    Each Party to this Settlement Agreement warrants that he, she, or it is acting upon

15  his or its independent judgment and upon the advice of his or its counsel, and not in reliance upon

16  any warranty or representation, express or implied, of any nature of any kind by any other Party,

17  other than the warranties and representations expressly made in this Settlement Agreement.

18

19  Agreed and Accepted:

20

21  Dated:  May____, 2017                    _____
                                             Nadezhda Rosen

22

23  Dated:  May 15____, 2017                 _____
24                                           La Dell Brewster

25

26  Dated:  May ____, 2017                   _____
27                                           Jeffry Levin

28

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1163190

determines that the Arbitrator lacks jurisdiction over an action based on this Settlement Agreement (including any action to enforce its terms), then the action shall be venued in the California Superior Court in and for the County of San Francisco.  All Parties to this Settlement Agreement shall be subject to the jurisdiction of the Arbitrator and, as applicable, the California Superior Court in and for the County of San Francisco, for all purposes related to this Settlement Agreement.  This Paragraph relates solely to the law governing this Settlement Agreement and any action based thereon, and nothing in this Paragraph shall be construed as an admission or finding that California law applies to the Released Claims of any Named Claimants or Settlement Class Members who reside outside of the state.

130.   The headings used in this Settlement Agreement are for the convenience of the reader only, and shall not affect the meaning or interpretation of this Settlement Agreement.

131.   In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

132.   Each Party to this Settlement Agreement warrants that he, she, or it is acting upon his or its independent judgment and upon the advice of his or its counsel, and not in reliance upon any warranty or representation, express or implied, of any nature of any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

Agreed and Accepted:

Dated:  May___, 2017

_____
Nadezhda Rosen

Dated:  May ___, 2017

_____
La'Dell Brewster

Dated: May 9, 2017

_____
Jeffry Levin

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

1163190

1  Dated:  May  11 , 2017          By: _____

2

3                                     On behalf of
                                      Caviar, Inc. dba Try Caviar
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    46