# EXHIBIT C

**JUDICIAL ARBITRATION AND MEDIATION SERVICES (JAMS)**
**Before Michael J. Loeb, Arbitrator**

| | |
|---|---|
| IN RE: CAVIAR, INC. dba TRY CAVIAR | Case No. 1100082951 |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

Having reviewed and considered the parties' proposed Revised Settlement Agreement in the above-captioned case, and having held a final approval hearing on the proposed settlement on August 18, 2017, the Arbitrator hereby grants final approval of the parties' Revised Settlement Agreement upon a finding that:

1. All terms used herein shall have the same meaning as defined in the Revised Settlement Agreement.

2. Distribution of the notice of the settlement to class members has been completed in conformity with the Revised Settlement Agreement. This notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Revised Settlement Agreement, to all members of the class. The notice fully satisfied the requirements of due process, the JAMS Class Action Procedures, and any other applicable law. No members of the class objected to the settlement, and 13 class members opted out of the settlement. The parties shall continue to work together to encourage those who have not yet filed claims to do so.

3. The Arbitrator finally and unconditionally approves the settlement set forth in the Revised Settlement Agreement and finds that the settlement is, in all

1

respects, fair, adequate and reasonable. The Arbitrator hereby gives effect to the Revised Settlement Agreement in its entirety and directs the Parties to effectuate the settlement according to its terms. The Arbitrator finds that the settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Arbitrator further finds that the Parties have conducted sufficient investigation and research to allow counsel for the Parties to reasonably evaluate their respective positions. The Arbitrator also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Arbitrator has reviewed the monetary recovery that is being granted as part of the settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

4. Pursuant to the JAMS Class Action Procedures, the Arbitrator certifies, for settlement purposes, the Settlement Class. The Arbitrator finds that, for settlement purposes only, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3), as required by the JAMS Class Action Procedures.

5. The Arbitrator hereby appoints, for settlement purposes only, the named Claimants Jeffry Levin, Nadezhda Rosen, and and La'Dell Brewster as class representatives for the Settlement class. The Arbitrator approves an incentive payment of $7,500 to Jeffry Levin, $5,000 to Nadezhda Rosen, and $5,000 to La'Dell Brewster as fair and reasonable.

6. The Arbitrator hereby appoints, for settlement purposes only, Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C. as counsel to the Settlement Class. The Arbitrator hereby awards Class Counsel attorneys' fees and costs in the amount of $625,311.67, finding such fees and costs to be fair and reasonable, in light of the significant results achieved for the class.

7. Upon entry of this Order, the Released Claims of the Settlement Class shall be deemed to be conclusively released as against Respondent Caviar.

8. The Revised Settlement Agreement and settlement are not an admission by Caviar, nor is this Order a finding, of the validity of any claims in the Action or of any wrongdoing by Caviar.

9. The initial distribution of the settlement fund to class members will be made in September 2017. Pursuant to the parties' agreement, the final distribution of remaining unclaimed funds will be made by March 2018.

10. The Arbitrator hereby dismisses the Action on the merits and with prejudice against the Named Claimants, and all Settlement Class Members (as to the Released Claims). Without affecting the finality of this dismissal in any way, the Arbitrator hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the settlement and all orders and judgments entered in connection therewith.

August 18, 2017

SO ORDERED.

Michael J. Loeb, Esq.

3